[No. 10714.   Department One.   April 14, 1913.]

F. J. LACKAFF, *Respondent*, v. P. HINZ, *Appellant*.[1]

BILLS AND NOTES—CONSIDERATION—VALIDITY. The validity of the consideration for a note given in part payment of the purchase of a liquor business that had been conducted by a minor, is not affected by the fact that the note was issued by the minor to pay the purchase price of intoxicating liquor sold to him in violation of law.

Appeal from a judgment of the superior court for Clarke county, McMaster, J., entered March 6, 1912, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Miller, Crass & Wilkinson,* for appellant.

PARKER, J.—This is an action upon a promissory note, executed and delivered by the defendant to the plaintiff on December 23, 1908. The defense is that the note was executed without lawful consideration therefor, in that it was executed in payment of the purchase price of intoxicating liquor sold to a minor, in violation of Rem. & Bal. Code, § 2963, then in force. The trial was before the court without a jury. Judgment being rendered in favor of the plaintiff, the defendant has appealed. The controlling facts are not in dispute.

On December 23, 1908, one William Smiley was a minor, of the age of twenty years and nine months. For some time prior thereto, he had been conducting a retail liquor business at Camas, in Clarke county, under the required local and Federal licenses. While engaged in that business, he purchased and received from respondent intoxicating liquors, aggregating in value the sum of $314.60, which sum was unpaid on December 23, 1908. Some two or three weeks prior thereto, he failed in his business and left the state. His father, A. Smiley, then took charge of the business and proceeded to settle with the creditors. The authority of the father to so act is not ques-

[1]Reported in 131 Pac. 207.

tioned. Among the claims of creditors paid by A. Smiley in the settlement, was the claim of respondent for $314.60, which was paid by A. Smiley by executing and delivering to respondent his promissory note for that amount. Soon thereafter, on December 23, 1908, A. Smiley, as agent for his son, William Smiley, sold the business, including liquors and other stock in hand, to appellant. A bill of sale was executed accordingly by A. Smiley in the name of his son, William Smiley, reciting a consideration of $735, and the payment of part thereof by the execution of a promissory note by appellant for the sum of $314.60 payable to respondent. This is the note here sued upon. This note was delivered to respondent, and thereupon the note theretofore given by A. Smiley to respondent was surrendered and cancelled.

Proceeding upon the theory that the note here sued upon was given in payment of the liquor sold by appellant to the minor, William Smiley, and that such sale was in violation of law, it is contended by counsel for appellant that the note is without lawful consideration. This contention is rested upon the general rule that such a sale of liquor does not constitute a lawful consideration supporting and rendering binding the debt so attempted to be created, even though evidenced by a promissory note; citing 23 Cyc. 339 and other authorities. The fallacy of this contention, it seems to us, is found in the fact that the consideration, the lawfulness of which is here involved, is the consideration moving from William Smiley, the owner of the business, to appellant Hinz, who gave the note in part payment of the business of William Smiley. Clearly this was not an unlawful consideration. Suppose the note had been given by appellant to William Smiley direct, in part payment of the purchase price of the business. Wherein would there have been any want of lawful consideration? We know of no law or rule of public policy preventing property of a minor, even though it happens to be intoxicating liquor, being sold; other than as such sales may be subject to license and revenue laws. We are quite unable to see any legal ground, and none

has been suggested by counsel, upon which the purchaser of such property can avoid payment therefor, so far as the lawfulness of consideration is concerned, when he receives good title through such sale. It is not even suggested here that appellant did not receive good title to the business for which he partly paid by the execution of this note. Suppose now that a note so executed to William Smiley be assigned to respondent. Is it possible that appellant, the purchaser of the business, having given the note in part payment thereof, could successfully maintain that it was given without lawful consideration because William Smiley contemplated the assignment of it in payment of a debt he was not legally obligated to pay? This, it seems to us, would be a matter wholly foreign to the question of appellant's liability upon his note. Now, so far as appellant's rights here involved are concerned, he is for every practical purpose in this supposed situation. He purchased from Smiley this business. He agreed to pay for it. He gave this note in part payment thereof and primarily for the benefit of William Smiley. He voluntarily made respondent the payee at the instance of William Smiley, or rather his father who was acting for him. This did not increase or diminish the amount of his obligation in the slightest degree, nor did it change the fact that the note was given in part payment for the business. The consideration moving from William Smiley to appellant was lawful, and it is the consideration with which we are here alone concerned.

The judgment is affirmed.

CROW, C. J., MOUNT, GOSE, and CHADWICK, JJ., concur.