# OTTO BREGENZER
## *vs.*
## ABRAM G. HUTZLER.

*Reversal: harmless error.*

To justify a reversal on account of erroneous rulings, it must be apparent from the record that some injury was thereby done to the party complaining.                                                    p. 386

*Decided June 26th, 1913.*

Appeal from the Court of Common Pleas of Baltimore City (DUFFY, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Wells & McCormick,* for the appellant.

*Enos S. Stockbridge* and *W. Calvin Chesnut* (with whom were *Gans & Haman* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appellee in this case recovered a judgment against the appellant in a case for damages for injuries to himself and automobile received in a collision between the automobiles of each, occasioned by the alleged negligent management of that of the appellant. The case was tried before the Court, sitting as judge and jury.

The collision occurred in Baltimore County at the intersection of Falls road and Lake avenue. At this point Falls road is practically level and runs north and south. Lake avenue runs from the east to Falls road, where it ends, making a sharp descent as it approaches Falls roads. On the southeast corner of the intersection there is a store building

which obstructs the view of those traveling to the north on Falls road to objects on Lake avenue, and, of course, obstructs the view of one traveling to the west on Lake avenue to objects to the south of the intersection of Falls road.

The testimony was conflicting as to the manner and cause of the collision; but the testimony offered by the appellee and the other occupants of his car, two relatives and a chauffeur, was in substance that they were running north on the extreme right-hand side of Falls road at a speed of 15 or 18 miles an hour. When they approached Lake avenue the car was slowed down to 10 or 12 miles an hour, and the horn blown. Just as they reached Lake avenue they saw the car of appellant running at 20 or 25 miles an hour coming down the avenue making directly at them on the southeast corner. To avoid the collision, which seemed certain because they were so close upon one another, the car of appellee was swerved to the left in the endeavor to allow the car of appellant to pass on right of appellee; but the appellee's car was struck at about the right rear wheel and upset, fastening all the occupants beneath. The car of appellee was a seven-passenger touring car of the Packard make, and had cost the appellee $5,000 six months before. An expert mechanic from the shop of the manufacturer testified, after having examined the car the day of the accident, that it would have cost $1,000 to have repaired the broken and injured parts, giving in detail the broken parts and the cost price of each. The appellee traded the broken car in for a new one, at a valuation of $2,500. That the car was in excellent condition before the accident. One thumb of appellee was broken in three places, cannot be flexed, and is permanently injured; a finger nail was torn out; a gash, to the bone, in the thumb extending its length; and one leg hurt. The doctors' bills amounted to $98.

The testimony of appellant, and four of the five other occupants of his car, was to the effect that they were running down the grade of Lake avenue, on the right-hand side, at a speed of 4 or 5 miles an hour. That as they reached the cen-

ter of Falls road the car of the appellee was coming north at a speed of 25 miles an hour, and instead of keeping to the right of the road the car of appellee turned to the left in front of appellant's car, and thus was struck. A witness, with experience at repairing cars, testified that he had examined the damaged car and gave as his estimate $476 for the cost of repairing it. Five witnesses were produced by the appellee who testified in corroboration of the occupants of appellee's car as to the speed of the respective cars, one of whom put the speed of the appellant's car as high as 45 miles.

Four prayers were offered by the appellee, and six by the appellant; all being granted but one of the appellant's. There were no exceptions taken to the ruling on the prayers. The issues were based upon the provisions of sections 144, 145 and 154 of Article 56 of the Code (Bagby's), and negligence claimed in that the provisions of those sections, dealing with speed, control, and manner of turning automobiles at intersections of streets, were violated. The prayers fairly, clearly and correctly stated the law applicable to the facts of the case.

A judgment was entered by the Court for $1,510, and the claim of the appellant to a reversal rests upon exceptions to testimony.

We have carefully considered each exception. They all deal with the admission of testimony for the appellee, and none with the exclusion of any of the appellant's.

In the short foregoing recital of the testimony we have studiously avoided giving any testimony which involved any of the exceptions. We deem it unnecessary to set out the exceptions, for we have reached the conclusion that, although there was error committed in some of the rulings, we, nevertheless, are of the opinion that there was no prejudice done the appellant thereby. It is firmly and almost universally established that to justify a reversal it must be apparent that some injury was done the party complaining by the erroneous ruling. We will therefore affirm the judgment.

*Judgment affirmed, with costs to appellee.*