## WILLIAM RUEHL

### *vs.*

## STATE OF MARYLAND.

*Statutes: constitutionality of—; title and subject; section 29 of Article 3 of Constitution; Chapter 594 of Acts of 1916; license fees.*

Every presumption favors the validity of a statute; it can not be stricken down as void unless it plainly contravenes some provision of the Constitution; a reasonable doubt as to the constitutionality of a statute is sufficient to sustain it.          p. 194

The general purpose of section 29 of Article 3 of the State Constitution is accomplished when the law has but one general subject, which is fairly indicated in its title; it is not necessary or reasonable to require that every end and means necessary or convenient for the accomplishment of this general object should be provided for by a separate Act relating to that alone. p. 194

The title is sufficient if it fairly indicates the subject-matter of the enactment; mere matters of detail need not be stated; nor need the title contain an abstract of the Act, or mention the means by which it is to be carried into effect.          p. 194

Chapter 594 of the Acts of 1916, by its title declares that the Act provides for additional license fees for the State, increasing the license fees for the sale of liquor in each of the counties, cities (including the City of Baltimore), towns, villages,

etc., and for the payment of the increases provided for to the Treasurer for the general uses of the State; in the body of the Act it was provided that such additional license fees were to be paid to the same local officials, at the same time, and to be disposed of in the same way as under the existing laws for the disposal of other license fees: *Held,* that the statute as indicated by the title provides for the increased license fee upon the classes named, and only upon them, and the disposal of the fees, by the body of the Act, otherwise than as indicated in the title, is not a matter so repugnant to the title as to warrant the Act being declared unconstitutional.                           p. 197

*Decided February 2nd, 1917.*

Appeal from the Circuit Court for Allegany County. (HENDERSON, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Saul Praeger* and *Fuller Bernard* submitted a brief for the appellant.

*J. Philip Roman, State's Attorney for Allegany County,* and *Albert C. Ritchie, Attorney General,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appellant in this case was indicted, tried and convicted in the Circuit Court for Allegany County for the sale of intoxicating liquors without having first obtained the additional license required by Chapter 594 of the Acts of 1916.

This Act, including the title, is as follows:

"AN ACT to add a new section to Article 56 of the Annotated Code of Maryland, title 'Licenses,' said section to follow immediately after section 89 of said Article, to be sub-titled 'Additional License Fees for the State,' to be known as section 89A, and providing for increasing the license fees for the sale of liquors in each of the counties, cities (including the City of Baltimore), towns and villages of this State, *any* saloons and restaurants, wholesale liquor dealers and jobbers, bottlers and hotels, and for the payment of the increases provided for to the Treasurer of the State, for the general purposes of the State.

"SECTION 1. *Be it enacted by the General Assembly of Maryland,* That a new section be and the same hereby is added to Article 56 of the Annotated Code of Maryland, titled 'Licenses,' said section to follow immediately after section 89 of said Article, to be sub-titled 'Additional License Fees for the State,' to be known as section 89A, and to read as follows:

"*Additional License Fees for the State.*

"89A. The license fees now provided by law for the issuing of licenses for the sale, by retail or wholesale, as the case may be, in each of the counties, cities (including the City of Baltimore), towns and villages of this State, of distilled, fermented, spirituous or malt liquors, or any mixture thereof, shall be increased in each of the following cases by the following amounts:

"Each saloon, or restaurant, in addition to the license fee now required, shall pay an additional one hundred dollars ($100.00) each year.

"Each wholesale liquor dealer or jobber, in addition to the license fee now required, shall pay an additional one hundred dollars ($100.00) each year.

"Each bottler, in addition to the license fee now required, shall pay an additional one hundred dollars ($100.00) each year.

"Each hotel having not more than two hundred rooms, in addition to the license fee now required,

shall pay an additional two hundred and fifty dollars ($250.00) each year.

"Each hotel having more than two hundred rooms, in addition to the license fee now required, shall pay an additional five hundred dollars ($500.00) each year.

"The additional license fees hereby provided for shall be due and payable at the same time or times that the license fees now existing are by law required to be paid in each of the counties, cities (including the City of Baltimore), towns and villages of this State, and shall be payable to the same local officials, and shall be subject to the same penalties for non-payment, *and shall be disposed of as other license fees now provided by law for the issue of licenses for the sale by retail or wholesale, as the case may be, of distilled or spirituous, vinous or malt liquors, or any mixture thereof."*

The sole question presented by the demurrer to the indictment is whether the act contravenes section 29 of Article 3 of the State Constitution, which provides that "each law enacted by the General Assembly shall have but one subject and that shall be described in its title."

Upon examination of the Act, it will be seen that the title provides that the "additional license fees" are to be paid to the Treasurer of the State, for the general purposes of the State, while the body of the Act provides that such fees "shall be disposed of as other license fees now provided by law," etc.

The disposition of "other license fees," collected in the City of Baltimore and in certain counties, towns and villages of the State, is regulated and controlled by the statutes in force in said localities, respectively. In several of the counties all of such fees collected therein are payable to the State, for the use of the State while in the City of Baltimore and in other counties, towns and villages of the State only a part thereof are paid to the State for such purpose.

For instance, in Allegany County one-half of such fees is paid to the State for the use of the State while ·in the City of Baltimore and in Baltimore County only one-fourth thereof is paid to the State for such purpose, and in other counties, towns and villages of the State, only a part of such fees are paid to the State for the use of· the State.

It is contended by the appellant that because of the fact that all of said license fees are, by the title of the Act, to be paid to the State for the use of the State, while by the body of the Act, only a part of such fees collected in the City of Baltimore and in certain counties, towns and villages of the State is payable to the State for such purpose, the Act is void, in that it contravenes the aforesaid constitutional provision.

In its passage through the Senate the original bill was amended by striking out the words "but the said additional license fees hereby imposed shall in each and every case be paid over quarterly by the local official collecting them to the Treasurer of the State, to be used wholly for the general purposes of the State, and no part thereof shall be remitted to or be used for the purposes of any county, city, town or village. This section shall not affect in any way the disposition or application now required to be made of the license fees now existing, but shall only affect the disposition or application of the increases in such fees hereby imposed;" and inserting therein in lieu thereof the words, "and shall be disposed of as ·other license fees now provided by law for the issue of licenses for the sale by retail or wholesale, as the case may be, of distilled or spiritous, vinous, malt liquors or any mixture thereof." These latter words are found italicized in the Act as we have quoted it. The amendment also excluded "wholesale druggists" from the provisions of the Act.

The bill as amended was thereafter passed by both branches of the Legislature, and was duly signed by the Governor.

Had the original bill been passed as offered there could have been no question as to the validity of the Act in respect

of this provision of the Constitution. It is only because of
the amendment that the question is here presented. This
Court has in many cases passed upon the validity of statutes
where this question has been raised and the principles of law
to be applied thereto can no longer be in doubt. The diffi-
culty is not in the ascertainment of the law, but in its appli-
cation to the facts of each particular case.

It is said by Mr. Cooley, in his work on *Constitutional
Limitations,* and cited and approved by this Court, in *Fout*
v. *Frederick Co.,* 105 Md. 545, that "it must be evident to
anyone that the power to declare a legislative enactment void
is one which the judge, conscious of the fallibility of human
judgment, will shrink from exercising in any case where he
can conscientiously and with due regard to duty and official
oath decline the responsibility. The legislative and judicial
are co-ordinate departments of the government, of equal
dignity. Each is alike supreme in the exercise of its proper
functions, and can not directly or indirectly, while acting
within the limits of its authority, be subjected to the control
or supervision of the other, without an unwarrantable as-
sumption by that other of power which, by the Constitution,
is not conferred upon it. The Constitution apportions the
powers of government, but it does not make anyone of the
three departments subordinate to the other, when exercising
the trusts committed to it. The Court may declare legislative
enactments unconstitutional and void in some cases, but not
because the judicial power is superior in degree or dignity
to the legislative. Being required to declare what the law is
in the cases which come before them, they must enforce the
Constitution as the paramount law, whenever a legislative
enactment comes in conflict with it. But the courts sit, not
to review or revise the legislative action, but to enforce the
legislative will; and it is only where they find that the Leg-
islature has failed to keep within the constitutional limits
that they are at liberty to disregard its action; and in doing
so, they only do what every private citizen may do in re-
spect to the mandates of the courts when the judges assume

to act and to render judgments or decrees without jurisdiction."

It was also said by this Court in *Fout* v. *Frederick Co.,* *supra,* that "the general disposition of the courts has been to give a liberal construction to this provision of the Constitution, rather than to embarrass legislation by a construction whose strictness is unnecessary to render effective the purposes for which it was adopted. It is stated by JUDGE COOLEY that the general purpose of this provision of the Constition* is accomplished when the law has but one general object, which is fairly indicated in its title; and that to require every end and means necessary or convenient for the accomplishment of this general object, to be provided for by a separate Act relating to that alone, would be not only unreasonable, but would render legislation impossible."

Every presumption favors the validity of the statute; it can not be stricken down as void unless it plainly contravenes some provision of the Constitution; a reasonable doubt as to its constitutionality is sufficient to sustain it. *Painter* v. *Mattfeldt,* 119 Md. 472; 6 *Ruling Cases,* sec. 77.

The title is sufficient if it fairly indicates the subject matter of the enactment, but mere matters of detail need not be stated, and it need not contain an abstract of the Act or mention the means or methods by which it is to be carried into effect. *Baltimore City* v. *Stewart,* 92 Md. 548.

The subject of the Act of 1916 is an imposition of additional license fees upon proprietors of saloons or restaurants, wholesale liquor dealers or jobbers, bottlers and hotels. The body of the Act not only names those who are required to take out such additional licenses in conformity with its title, but it also states the amounts to be paid for such licenses and the time when, and the officials to whom the same shall be paid, as well as the penalties for non-payment. These latter provisions are simply matters of detail incident to the subject of the Act, and need not be embraced in the title, and this is likewise true of the provision of the Act disposing of

---

*Section 29 of Article 3 of the State Constitution.

the fees when collected. It is not the subject of the Act and need not be referred to in the title in order to render the Act valid.

The sufficiency of the title could not have been questioned had it made no reference at all to the disposition of such additional license fees, *Keller* v. *State,* 11 Md. 525, for without such reference the title would have sufficiently described the subject of the Act. The title however undertakes to make disposition of such fees and speaks of them as *"additional fees for the State,"* to be paid *"to the Treasurer of the State for the general purposes of the State,"* but this reference to the disposition of the license fees does not we think, render the title, otherwise good, insufficient in describing the subject of the Act. The statute as indicated by the title provides for the imposition of additional license fees upon those classes, and only upon those classes that are mentioned in the title. The only discrepancy between the title and the body of the Act arises in the disposition of the fees when collected. By the title the whole of the license fees were to be paid to the Treasurer of the State for the purpose of the State, while by the body of the Act, all of such fees collected in some counties of the State are to be paid to the State, for the use of the State, but in Baltimore City and in other counties, towns and villages of the State, only a part was to be paid to the State for such purposes.

In the case of *Mount Vernon Co.* v. *Frankfort Co.,* 111 Md. 568, this Court said: "The title of the Act is claimed to be misleading because it indicates that the Act is to apply to the whole State, while in the body of the Act many of the counties of the State are excepted from its operation. Much of the legislation in this State has been enacted in the same way, and we know of no instance in which its constitutionality has been seriously questioned on that ground," and quoting from *Stevens* v. *State,* 89 Md. 674, we further said: "It has long been the policy of the State of Maryland to exempt particular counties or localities from the operation of general laws or of some of the provisions thereof."

In *Worcester Co.* v. *School Commr's.,* 113 Md. 305, the Court was called upon to decide as to the validity of section 122½E of Article 77 of the Code of Public General Laws, providing increases of salary for public school teachers, which had been enacted by Chapter 633 of the Acts of 1908, under the following title: "An Act to repeal and re-enact with amendments Section 67 of Article 77 of the Code of Public General Laws of Maryland of 1904, title "Public Education," and to add six new sections thereto to come after Section 122 of said article and to be numbered respectively, Section 122A, 122B, 122C, 122D, 122E and 122½E, designed to provide a commercial course in certain approved high schools." It was contended that the title of the Act was misleading, so far as Section 122½E, increasing salaries, was concerned, because it described that section with others as being "designed to provide a commercial course in certain approved high schools," whereas there was nothing in the disputed section relating to that subject. This contention was overruled upon the theory we have already discussed. It was held that as the provisions of Section 122½E were germane to the subject of Public Education to which the title expressly referred, the section ought not to be declared void because the title added to it sufficient constitutional description of the subject of the Act other and unnecessary terms which tended to modify the indicated purpose of the statute. The Court said: "It does not seem to us that this constitutes such a "flagrant disregard" of the principles applied by this Court in its frequent decisions upon the question of the sufficiency of titles as to justify us in holding the enactment now before us unconstitutional. Such a conclusion would be warranted only in a case where the violation of the organic law was clear and conclusive. The conflict with the constitution must be so plain as "to leave no discretion to the Court in the premises." *County Commissioners* v. *Meekins,* 50 Md. 28. "Many Acts," said CHIEF JUDGE ALVEY, "are passed, and often of great importance, the title of which are exceedingly deficient in definite and clear de-

scription of the subject matter of the Act. But this Court has ever been reluctant to defeat the will of the Legislature by declaring such legislation void, if by any construction it could possibly be maintained." *State* v. *Norris,* 70 Md. 96.

In *Baltimore City* v. *Flack,* 104 Md. 117, CHIEF JUDGE McSHERRY, in speaking for this Court, said: "When the case in which it has been held that legislation was invalid, because in conflict with section 29 of Article 3 of the Constitution, are examined, it will be found, either that something wholly repugnant to the title, or something altogether foreign to the subject described in the title had been attempted to be incorporated in the body of the Act, in flagrant disregard of the principle announced in *Davis* v. *State,* 7 Md 160."

There is nothing found incorporated into the body of the act before us that is "altogether foreign" to the subject matter of the title, nor is there in the act anything so repugnant to the title as to warrant us in striking down the statute because in violation of section 29 of Article 3 of the State Constitution.

We will therefore affirm the judgment of the Court below.

*Judgment affirmed, with costs to the appellee.*