ELMER SWANN ET AL.

*vs.*

THE MAYOR AND CITY COUNCIL OF BALTIMORE
AND THE BOARD OF POLICE COMMISSIONERS
FOR THE CITY OF BALTIMORE.

*Statutes: construction; repeal of sections of Code; sufficiency
of—.    Hack stands: police regulations; delegation of
power to Board.*

Chapter 109 of the Acts of 1910 by its title declared it to
repeal sections 281, 282, 283, 284, 285, 286, 288 and 289 of
Article 4 of the Code of Public Local Laws, entitled "City of
Baltimore," with the sub-title "Carriages and Horses," as
amended by Chapter 123 of the Acts of 1898, and re-enact sec-
tions 281, 282, 283, 284, 285 and 286 with amendments; the
enacting clause declared these sections, by number, to be re-en-
acted with amendments "to read as follows" in the Act; section
2 declared that laws or parts of laws inconsistent therewith
were repealed: *Held,* that the title of the Act sufficiently stated
that it was the intention of the Legislature to repeal certain sec-
tions of the Article, including section 286, with amendments, as
stated in the amended section.                          p. 260

In construing statutes, such a construction is to be adopted,
if fairly possible, as will avoid a conclusion that it is unconsti-
tutional, the presumption being that the Legislature does not
intend to violate the Constitution.                 pp. 260-261

The designation of hack stands and the regulation of the use
and occupation of the streets of the city therefor is a proper
exercise of the police power, and the Legislature is the sole
judge of the reasonableness of the method exercised.    p. 261

The Legislature may delegate the police power to subordi-
nate boards and commissions.                           p. 262

Chapter 109 of the Acts of 1910, regulating the occupation
and use of hack stands in Baltimore City, is constitutional.
                                                       p. 262

*Decided January 29th, 1918.*

Appeal from the Circuit Court of Baltimore City. (STUMP, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Isaac Lobe Straus,* for the appellants.

*William Pinkney Whyle, Assistant Attorney-General,* and *Albert C. Ritchie, the Attorney-General,* (with whom were *S. S. Field, the City Solicitor,* and *Alexander Preston, Deputy City Solicitor,* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The questions that arise upon the record in this case, are presented by a demurrer to a bill in equity seeking to enjoin the Mayor and City Council of Baltimore and the Board of Police Commissioners thereof, from enforcing an Ordinance No. 139, approved June 4th, 1908, and also section 286, of Article 4, of the Code of Public Local Laws of the State, as amended and re-enacted by Chapter 109, of the Acts of 1910.

The object and purpose of the Legislature, here in question, both under the ordinance and the Act, it will be seen, was to set aside and designate certain places in the City of Baltimore as standing places for hackney carriages, and to make regulations for the occupation and use of such stands, in the streets of the City.

The appellants are licensed owners and chauffeurs, operating automobile-hacks or motor cars, for hire in the City and a number of them, it is alleged in the bill, have been arrested upon the charge of violating the Ordinance, and the prosecutions are now pending for trial, before a police justice of the City.

The amended bill is quite a lengthy one, covering over eighteen pages of the Record, and in substance charges, that

both the Ordinance and the Act of 1910 are invalid, null and void, for certain reasons set out and stated in the bill, that the arrests under the Ordinance are unlawful and unjust and that the appellees should be restrained from enforcing both the provisions of the Ordinance and the statute.

To the amended bill the appellees demurred, and the demurrers were sustained and the bill dismissed.

It is not material for us, in this case, to consider the validity of the Ordinance here in question, because it is quite clear, that the power of the Board of Police Commissioners to designate the hack or cab stands and to regulate the use and occupation of them in the City is not now derived from the Ordinance, but is conferred by statute.

By section 286, of Chapter 109, of the Acts of 1910, it is provided that

> "The Board of Police Commissioners are authorized and empowered to set aside and designate certain places in the City of Baltimore to be occupied and used as public or private stands for hackney carriages, and to stipulate the number of such carriages which may occupy or use each of such stands, and to make regulations for the occupation and use of such stands   Any person violating any of the provisions of this section or any regulation made by the Board of Police Commissioners under the authority in this section conferred shall be guilty of a misdemeanor, and shall, upon conviction, forfeit and pay a fine of not exceeding twenty dollars."

The statute, it appears, covers the whole subject of the designation and regulation of hack or cab stands in the City, which was formerly dealt with by section 6 of the Ordinance of 1908, and the Act further repeals all laws and parts of laws inconsistent with the Act. *State* v. *Gambrill,* 115 Md. 506; *Montell* v. *Consolidation Coal Co.,* 39 Md. 164.

In *A. & E. Ency. of Law,* 246, the general rule, upon this subject, is stated, as supported by authority, to be that where

a municipal corporation has been empowered to make ordinances in regard to certain subjects and the Legislature subsequently enacts a law regulating the same matter, which had been before permitted to be regulated by such ordinance, it shows most satisfactorily that the Legislature intended to take the regulation of the matter out of the hands of the corporation to the extent to which such general law regulated it.

In this case, it is admitted, that the appellants have not complied with the requirements of the statute, in regard to the use and occupation of the streets of the City, for stands, for hackney carriages, and it is quite clear, that if the statute is a valid law they would be liable upon conviction for the penalty imposed by the Act for its violation.

But it is urged upon the part of the appellants, that the Act of 1910, Chapter 109, is invalid, null and void, (1) because it was never legally and validly enacted by the General Assembly, (2) It confers unlawful and arbitrary power and invests in the Board of Police Commissioners an illegal and uncontrolled discretion, (3) that it is not a valid or constitutional exercise by the General Assembly of the police power of the State, and (4) that it deprives the appellants of their business and property without due process of law, and contrary to the Federal and State Constitutions.

The question involved in the first objection, that the statute was not legally enacted is free from difficulty and cannot be sustained under the recent decisions of this Court, in *Levin* v. *Hewes,* 118 Md. 624, and in *Baltimore* v. *Williams,* 124 Md. 502.

The title of the Act here in question is,

> "An Act to repeal sections 281, 282, 283, 284, 285, 286, 288 and 289 of Article 4 of the Code of Public Local Laws of Maryland, entitled 'City of Baltimore,' sub-title 'Carriages and Horses,' as amended and re-enacted by Chapter 123 of the Acts of 1898, and to re-enact sections 281, 282, 283, 284, 285, 286, with amendments."

The enacting clause is as follows:

"Section 1. *Be it enacted by the General Assembly of Maryland,* That sections 281, 282, 283, 284, 285, 286, 288 and 289 of Article 4 of the Code of Public Local Laws of Maryland, entitled 'City of Baltimore,' sub-title 'Carriages and Horses,' as amended and re-enacted by Chapter 123 of the Acts of 1898, and to re-enact sections 281, 282, 283, 284, 285 and 286, with amendments, so as to read as follows."

Then follows the sections 281, 282, 283, 284, 285 and 286, under their numbers and with the amendments intended to be made to them, and then,

"Section 2. *And be it further enacted,* That all laws and parts of laws inconsistent with this Act are hereby repealed, otherwise to remain in full force and effect."

While the Act of 1910 fails to provide in express words, after the enacting clause, for the repeal and re-enactment of the several sections of Article 4 of the Code of Public Local Laws, it will however, be seen that the title of the Act sufficiently states that it was the intention of the Legislature to repeal and re-enact certain sections of the Article, including section 286, with amendments, so as to read, as stated in the amended sections.

The body of the Act contains the usual enacting clause and the amendments desired and intended are incorporated in the body of the Act, after the enacting clause, under their respective numbers.

Besides this, it appears, that section 286 of the Act of 1910 is entirely inconsistent with the old section 286 of the Act of 1898, and the old section is directly repealed by section 2 of the Act of 1910, which expressly repeals all laws and parts of laws inconsistent with the Act.

The rule is well settled, that in construing a statute such a construction should be adopted, if fairly possible, as will avoid a conclusion that will make it unconstitutional, the

presumption being that the Legislature does not intend to violate the Constitution. *Painter* v. *Mattfeldt,* 119 Md. 472; *Levin* v. *Hewes,* 118 Md. 624; *Ruehl* v. *State,* 130 Md. 188.

We find nothing in the objection here presented, that would justify the Court in holding the Act in question to be invalid. or null and void, as urged by the appellants.

The remaining objections to the validity of the Act will now be considered and disposed of by us.

There can be no question, that the designation of hack stands and the regulation of the use and occupation of the streets of the City therefor is a proper exercise of the police power, and the Legislature is the sole judge of the reasonableness of the method adopted.

In *State* v. *Hyman,* 98 Md. 596, it is said: "The Legislature being the sole depository of the law-making power, it is not for courts of justice to say that a given enactment passed in virtue of the police power, and having a direct relation to it, is void for unreasonableness, because if courts undertook to exercise such an authority they would in effect exert a veto on legislation. If the Act has a real and substantial relation to the police power no inquiry as to its unreasonableness can arise, because it is the judgment of the lawmakers and not of the courts which must control; and if in the judgment of the former the thing be reasonable, all inquiry on that ground by the latter is foreclosed." *Hiller* v. *State,* 124 Md. 385; *Brown* v. *Stubbs,* 128 Md. 129; *Benesch* v. *State,* 129 Md. 505.

In *City Cab Co.* v. *Hayden,* 73 Wash. 24, it is said: "The general power of municipalities to regulate and control the conduct of hackmen and others soliciting the privilege of carrying travelers from railroad depots to their places of destination cannot, we think, be successfully questioned. This the city must do in the interest of good order, public peace and safety. It is a matter of common knowledge that not only are passengers themselves subjected to unnecessary

and disagreeable annoyances at such places if hackmen are left to pursue their calling unrestrained, but that disorderly brawling and breaches of the peace often occur among the hackmen themselves, and sometimes between a hackman and a traveler who declines to submit quietly to some particularly vicious insult. The power, therefore, arises from the necessities of the case, and the only debatable question is whether the particular regulation is reasonable." *McFall et al.* v. *City of St. Louis,* 232 Mo. 716.

It is well settled by a long line of adjudicated cases in this Court, that the Legislature may delegate the police power to subordinate boards and commissions, as it has done in this case. *Clark* v. *Harford Agri. Association,* 118 Md. 612 ; *C. & P. Tel. Co.* v. *Board of Forrestry,* 125 Md. 675 ; *Gregg* v. *Public Service Com.,* 121 Md. 1 ; *Lee* v. *Leitch,* 131 Md. 30, 101 Atlantic, 716.

In the case at bar the bill discloses no property rights, which the appellant would be unlawfully deprived of, by the enforcement of the statute. Obviously, they have no property rights in the streets of the City, that would be superior to the regulations adopted under the police power, and provided by the statute, for the good and welfare of the City.

In view of the authorities cited and after an examination of the Act itself, we are of opinion that the Act of 1910, Chapter 109, is a valid exercise of the police power of the State, and is free from the constitutional objections urged against it.

Treating the charge, as stated, in plaintiff's exhibit No. 3, as a violation of the Act of 1910, and as this Act superseded the Ordinance, and the offense being against the statute, there can be no question, for the reasons stated, that the Court below was right in sustaining the demurrers, and in dismissing the bill.

*Decree affirmed, with costs.*