District liable to this petitioner. The damages provided against, by the contract, are not specifically the loss here sustained by the petitioner. Percolating waters not being the subject of damages in Ohio, unless made the special subject of a contract, must be mentioned to be included. The clause in the contract incorporated in the petition relates only to such damages as are generally recoverable.

In our opinion the demurrer should be sustained.

---

## VALIDITY OF ORDINANCE REGULATING TAXICABS.

Common Pleas Court of Hamilton County.

JOHN LOVELL V. THE CITY OF CINCINNATI.
CAL SWEENEY V. THE CITY OF CINCINNATI.

(Decided March 28, 1925.)

*Municipal Corporations—Authority to Control Vehicular Traffic— Validity of Ordinance Prohibiting "Cruising" by Taxicabs, and Designating Places where they may Park.*

1. A municipality has full power to regulate or control the use of its streets and may make any reasonable classification of. vehicular traffic in the use of its streets, and the judgment of its legislative body as to the reasonableness of the classification is not to be questioned unless in clear conflict with some express provision of the state or federal constitution.

2. Ordinances of Cincinnati prohibiting taxicab "cruising" and designating certain places at railway stations where taxicabs must park are not unreasonable, uncertain or discriminatory, and are not in violation of any constitutional right.

*D. T. Hackett,* for plaintiffs in error.
*Saul Zielonka,* City Solicitor, and *Joseph H. O'Connell,* Municipal Court Prosecutor, for defendants in error.

HURLEY, J.

John Lovell is charged with violating the taxi ordinance of the city of Cincinnati, Section 702-38, commonly known as the "cruising section" which prohibits the circling of the various squares in the congested district of the city, soliciting passengers.

In the case of Cal Sweeney, plaintiff in error, against the city of Cincinnati, the charge is violation of traffic ordinance Section 680-86, commonly known as the "taxicab stand ordinance," or that section of the city ordinances which gives the director of public safety the right to designate taxicab stands at various places throughout the city.

Lovell, arrested and tried in the Municipal Court of Cincinnati for circling the square bounded by Vine street, Fifth street, Walnut and Fourth streets, eleven times, was convicted in the Municipal Court of the city of Cincinnati.

Sweeney, arrested for parking without the designated taxicab stand area, at the Louisville & Nashville depot in the city of Cincinnati, was tried and convicted in the Municipal Court of the said city.

These cases are in this court on error, and the questions raised by the plaintiffs in error are that these sections of the traffic ordinance are uncertain, indefinite, discriminatory, unreasonable and unconstitutional.

It is well settled in Ohio in *Murphy* v. *City of Toledo*, 108 O. S., page 342, that:

"1. Municipalities have full power to regulate or control the use of their own streets.

"2. In such control or regulation a municipality may make any reasonable classification of vehicular traffic in the use of its streets.

"3. The judgment of a legislative body as to a reasonable classification can not be questioned, except when it is clear conflict with some express provisions of the state or federal constitution."

Along the same line we may cite the case of *Perrysburg* v.

*Ridgeway,* 108 O. S., 245; *Allion* v. *City of Toledo,* 99 O. S. 416; *City of Spokane,* 109 Washington, 360; *Seattle Taxicab Co.* v. *Seattle,* 150 Pacific, 1134; *Swan* v. *Baltimore,* 132 Md., 256; *New Orleans* v. *Badie.* 146 La., 556.

The court is unable to find and does not believe that there is any thing uncertain, indefinite, discriminatory, or unreasonable about the sections above referred to, and in keeping with the cases cited believes that the city authorities are the ones best able to judge of the necessity for passing ordinances for the protection and safety of the public.

The court is also of the opinion that there has been no violation of the constitutional rights of the plaintiffs in error, either state or federal, and therefore the judgment of the court below will be affirmed in both cases.