STANISLAUS ZUKOWSKI *v.* STATE OF MARYLAND.
[No. 24, October Term, 1934.]

*Decided November 22nd, 1934.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*R. Palmer Ingram* and *Marion A. Figinski,* for the appellant.

*G. C. A. Anderson, Assistant Attorney General,* with whom were *Wm. Preston Lane, Jr., Attorney General,* and *William Maynard, Assistant State's Attorney for Baltimore City,* on the brief, for the State.

URNER, J., delivered the opinion of the Court.

In the indictment upon which the appellant was tried and convicted it was charged that, being a class D licensee for the sale of alcoholic beverages at retail, on the premises known as 2304 Boston Street, in Baltimore City, for consumption on the premises and elsewhere, he "unlawfully did have in his possession, and permit to be kept upon the aforesaid premises * * * certain distilled spirits and liquors and other alcoholic beverages containing more than fourteen percentum of alcohol, upon which said distilled spirits and liquors and other alcoholic beverages the tax as prescribed by law had not theretofore been paid. * * *" A demurrer to the indictment was overruled.

Before the trial on the facts, a motion was made by the defendant to suppress the use, as evidence, of a quantity of alcoholic liquor which he claimed to have been discovered and taken by an illegal search and seizure. The action of the trial court in overruling that motion was the principal subject of the argument on appeal.

There was no error in either of the rulings under review.

The theory of the demurrer was that the indictment failed to state that the liquor mentioned in it was found on the licensed premises or was subject to tax. This contention reflected the defense, interposed at the trial, that the liquor in question was kept in a part of the defendant's building not included in the licensed portion of the premises, and was not taxable because the defendant acquired it before the repeal of the Eighteenth Amend-

ment. It was charged in the indictment, however, that the liquor was in fact kept on the licensed premises, and that the tax upon it prescribed by law had not been paid. Possession and taxability were sufficiently alleged for the purposes of an indictment under section 40, chapter 2, of the Acts of Assembly, passed at the Extraordinary Session in 1933, which contains the provision that "every retail dealer and every employee of any such retail dealer who shall have in his possession, sell or offer for sale, or permit to be kept upon the premises, any alcoholic beverages subject to the tax imposed by this Act, upon which the tax has not been paid, * * * shall, upon conviction, be subject to" a fine or imprisonment, or both, as therein prescribed.

The defense that the liquor described in the indictment was not taxable, because of its acquisition by the defendant before the repeal of the Eighteenth Amendment, needs no discussion in view of the decision, adverse to such a defense, in *Abramson v. State*, 167 Md. 531, 175 A. 593, at the present term.

At the hearing on the motion disputing the legality of the search and seizure to which we have referred, it was testified by Sergeant Williams that, accompanied by other officers, he went to the defendant Zukowski's premises and found him behind the bar. The sergeant's testimony then proceeded as follows: "When I entered the premises I notified Mr. Zukowski that we were from the police department and that we had information they were violating the Liquor Law. * * * I then asked him if he occupied all of the premises. He stated he did. He told me he didn't have any liquor, untaxed, on the premises. I went back of the bar and searched and then to the dining room and then on to the kitchen. Mr. Zukowski all that time was with me; and I went upstairs and Mr. Zukowski was with me and searched the second floor. I then went to the third floor and had found nothing. Coming down the steps, I stepped on a tread apparently loose. When I got down to the second floor I looked around to make an investigation. I saw a bolt that dropped down into the

riser. I removed that bolt and pulled the tread out and found five gallon jugs of whiskey." On objection, the word "liquor" was substituted for "whiskey," but the liquor was later proved to have an alcoholic content of 47 per cent. by volume and to be fit for use as a beverage. It was further testified by Sergeant Williams that there were no tax stamps on the jugs which he discovered, that he seized the liquor and removed it to the police station, and then took samples of it to the bureau of standards for analysis.

The defendant's testimony in chief was simply to the effect that he had a bar and tavern at 2304 Boston Street, and lived in the house with his family,. occupying as a home the part of the building back of the bar, and that he bought the seized liquor before the repeal of the Eighteenth Amendment. On cross-examination he admitted that the liquor belonged to him, that no state tax had been paid on it, that he was the owner of the building in which the bar was located, and that when he applied for the license he signed a statement assenting to the search of the premises. This was required by section 5 of the act already cited, which provided that every application for a license authorized by the act shall contain "a statement duly executed and acknowledged by the owner of the premises in which the business is to be conducted assenting to the granting of the license applied for, and authorizing the Comptroller, his duly authorized deputies, inspectors and clerks, the Board of License Commissioners of the County or City in which the place of business is located, its duly authorized agents and employees, and any peace officer of such City or County, to inspect and search, without warrant, the premises upon which the business is to be conducted, and any and all parts of the building in which said business is to be conducted, at any and all hours."

Section 34 of the act provides: "The Comptroller, his duly authorized deputies, inspectors and clerks, the Board of License Commissioners of the County or the City in which the place of business is located, its duly authorized agents and employees, and any peace officer of such county

or city, or any of them, shall be fully authorized to inspect and search, without warrant, at all hours, any building and premises in which any alcoholic beverages are authorized to be manufactured or sold under the provisions of this Act, and any evidence discovered during any such inspections shall be admissible in any prosecution for the violation of the provisions of this or any other Act, or upon any hearing for a revocation, suspension or restriction of the license of the person who has obtained a license to manufacture or sell alcoholic beverages in such building or premises."

It is contended that the last quoted provisions of the act are inoperative because not within the scope of the legislation which its title describes. To that extent the act is said to violate the constitutional provision that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title." Maryland Const. art. 3, sec. 29.

The title of the act is, in part, as follows: "An Act to add a new Article to the Code of Public General Laws of Maryland, said new Article to follow immediately after Article 2A, to be known as Article 2B, to be entitled 'Alcoholic Beverages,' to license, regulate and control the manufacture and sale of alcoholic beverages within the State of Maryland, and the importation of such beverages into the state; * * * to impose a tax upon certain alcoholic beverages and to provide penalties for violations of its provisions, and to repeal [specified statutes and Code provisions], and all other laws or parts of law, whether general or local, inconsistent with the provisions of this Act."

The legislation indicated by the title of the act relates to the single subject of regulating and controlling the manufacture, importation, sale, and taxation of alcoholic beverages. The disputed provisions are relevant to that subject. They are legitimately designed to promote the regulation and control for which the act provides. It was within the evident purview of the title that the act would prescribe the conditions upon which licenses might be obtained. Section 5 imposes one of those conditions, and

section 34 provides for its enforcement. It was not necessary for the title to give an abstract of the legislation or to state the means and methods by which its designated general purpose was to be accomplished. *Dinneen v. Rider,* 152 Md. 343, 136 A. 754; *Dahler v. Washington Sub. Sanitary Commn.,* 133 Md. 644, 106 A. 10; *Ruehl v. State,* 130 Md. 188, 100 A. 75; *Benesch v. State,* 129 Md. 505, 99 A. 702; *Thrift v. Laird,* 125 Md. 55, 93 A. 449; *Ridgely v. Baltimore,* 119 Md. 567, 87 A. 909. In our judgment, the title of the act now under consideration was sufficient to permit the valid inclusion of the provisions of which the defendant complains.

The search which resulted in the discovery of the defendant's illegal possession of liquor was made with his consent voluntarily and formally given, under the terms of the statute, to induce the issuance of a license to him for the sale of alcoholic beverages. The consent was none the less voluntary because of the fact that it was a prerequisite to his obtaining the license. In thus authorizing the search he debarred himself from contending successfully that it was unlawful. Cooley, Const. Limitations (8th Ed.) p. 361, n. 1; *Blager v. State,* 162 Md. 664, 161 A. 1; *Heyward v. State,* 161 Md. 685, 158 A. 897. See cases cited in annotation, 27 *A. L. R.* 720. That would have been a conclusive consideration, apart from the effect of section 34, which provides for the search of licensed premises independently of the consent required by section 5. The only pre-existing statute which might have prevented the use of evidence procured by an illegal search in such a case was chapter 194 of the Acts of 1929. But the Alcoholic Beverage Act of 1933, as forecast by its title, expressly repealed all acts which were inconsistent with its provisions, and consequently the act of 1929 does not affect the case here presented. In the absence of a statutory restriction, the evidence to which the defendant objects in this case would not be subject to suppression, even if the search which disclosed it were conceded to have been illegal. *Nolan v. State,* 157 Md. 332, 146 A. 268; *Meisinger v. State,* 155 Md. 195, 141 A. 536, 142 A. 190.

*Judgment affirmed, with costs.*