89 N.J. Super. 488 (1965)
215 A.2d 564
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MERDIE ZURAWSKI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 1965.
Decided December 21, 1965.
*489 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Hyman Isaac argued the cause for appellant (Messrs. Reibel, Isaac & Tannenbaum, attorneys; Mr. Barry M. Epstein, on the brief).
Mr. Richard A. Koerner, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by BROWN, J.A.D.
Defendant, charged with bookmaking, appeals from the denial of his motion to suppress evidence seized by Linden police without a search warrant in the tavern of which he was the licensed owner. The question presented is whether a search of licensed premises and seizure of gambling paraphernalia therein, without a search warrant, is valid as against the tavern owner, and whether it may be used to support a criminal prosecution against him.
*490 The order appealed from recites that the motion below was heard on a stipulation of facts. If so, the stipulation is not incorporated in the record before us. However, the briefs seem to agree on the following facts. On May 12, 1964, shortly after 1:00 o'clock in the afternoon, three detectives of the local police department entered the tavern. One of them informed defendant that they were making an inspection on behalf of the municipal alcoholic beverage control board. They proceeded to search the place although they had no warrant. A lottery slip was discovered under a stack of towels in the pantry, and then more slips were found beneath boxes stored on a shelf in the kitchen. All space involved was within the "licensed premises" as described in defendant's application for his plenary retail consumption license. He was arrested forthwith.
N.J.S.A. 33:1-35 provides in part:
"Investigations, inspections and searches of licensed premises may be made without search warrant by the director, his deputies, inspectors or investigators, by each other issuing authority and by any officer."
Defendant argues that this enabling statute "was intended only to facilitate investigations and searches for the sole purpose of ferreting out violations of the Commissioner's rules with the end of suspension or revocation of the privileges of liquor licenses." Therefore, says defendant, the statutory power was misused here because the search was conducted "to uncover a violation of the criminal law," and thus his constitutional right of privacy was unlawfully invaded.
The Legislature has imposed upon the municipality the responsibility for enforcement of the law governing retail liquor licenses. N.J.S.A. 33:1-24. Concern for strict regulation at the municipal level is further reflected in the statute by this direction:
"To the end that local police and other enforcing agencies shall enforce this chapter in the interest of economy and effective control, all officers shall use all due diligence to detect violations of this chapter and shall apprehend the offenders * * *." N.J.S.A. 33:1-71
*491 In order to qualify for a license, defendant signed and acknowledged a form containing the following:
"The applicant consents that the licensed premises and all portions of the building containing same, including all rooms, cellars, outbuildings, passageways, closets, vaults, yards, attics, and every part of the structure of which the licensed premises are a part and all buildings used in connection therewith which are in his possession or under his control, may be inspected and searched without warrant at all hours by the Director of the Division of Alcoholic Beverage Control, the Director of the Division of Taxotion, their duly authorized inspectors, investigators and agents and all other officers."
The unique position of a liquor licensee was outlined in Blanck v. Mayor, etc., of Magnolia, 38 N.J. 484 (1962):
"From the earliest history of our State, the sale of intoxicating liquor has been dealt with by the Legislature in an exceptional way. Because of its sui generis nature and significance, it is a subject by itself, to the treatment of which all the analogies of the law, appropriate to other administrative agencies, cannot be indiscriminately applied." (at p. 490)
In Guill v. Mayor, etc., of Hoboken, 21 N.J. 574 (1956), the court paraphrased, with evident approval, the holding of Justice Collins in Hoboken v. Goodman, 68 N.J.L. 217 (Sup. Ct. 1902), in these words:
"* * * the sale of intoxicating liquor at retail `is not one of the privileges or immunities of citizenship protected by the United States Constitution or the Fourteenth amendment thereto,' but is rather a business subject to prohibition or regulation * * *." (21 N.J., at p. 584)
The field of activity is such that entry into it "is not a privilege of a citizen of the state or a citizen of the United States." Crowley v. Christensen, 137 U.S. 86, 11 S.Ct. 13, 34 L.Ed. 620 (1890).
The Director's rules and regulations expressly prohibit possession in the licensed premises of lottery tickets such as were seized there in this case. State Regulation No. 20, Rule 6.
*492 Defendant's standing is to be considered only with reference to the law and regulations governing the conduct of his special business. N.J.S.A. 33:1-35 does not expressly limit the use to be made of evidence obtained through its provisions. The language granting the search power should be "liberally construed," in accordance with the mandate of N.J.S.A. 33:1-73. In the light of such construction the search of licensed premises here involved must be upheld. To do otherwise would thwart the legislative policy for strict control of a business said to be "so prone to evils." Boller Beverages, Inc. v. Davis, 38 N.J. 138, 150 (1962).
Search without a warrant of premises licensed for the sale of intoxicating liquor has been upheld in other jurisdictions because of the special nature of the business. In Zukowski v. State, 167 Md. 549, 175 A. 595 (Ct. App. 1934), defendant licensee sought to suppress evidence seized during such a search and which supported an indictment against him for possession of liquor upon which no tax had been paid. Denial of the motion to suppress was affirmed. The court said:
"The search * * * was made with his consent voluntarily and formally given, under the terms of the statute, to induce the issuance of a license to him for the sale of alcoholic beverages. The consent was none the less voluntary because of the fact that it was a prerequisite to his obtaining a license. In thus authorizing the search he debarred himself from contending successfully that it was unlawful." (175 A., at p. 597)
In Fischer v. State, 195 Md. 477, 74 A.2d 34 (Ct. App. 1950), the seizure of evidence used to convict a tavern licensee for operating a horse race gambling establishment in the premises was validated on the same basis of express consent to search. Waiver of the right of privacy as to licensed premises was also recognized in Hines v. State, 362 S.W.2d 652 (Tex. Ct. Crim. App. 1962); Oklahoma Alcoholic Beverage Control Bd. v. McCulley, 377 P.2d 568 (Okla. Sup. Ct. 1963), and Hurless v. Department of Liquor Control, 136 N.E.2d 736 (Ohio Ct. App. 1955), appeal dismissed 164 Ohio St. 492, 132 N.E.2d 107 (Sup. Ct. 1956).
*493 We find nothing in the record to support defendant's contention that the search in question was excessive and oppressive.
Affirmed.