PASSAIC COUNTY COURT OF QUARTER SESSIONS.

IN THE MATTER OF THE APPLICATION FOR THE VACAT-
ING AND QUASHING OF A SEARCH WARRANT ISSUED
AGAINST THE PREMISES, THE RESIDENCE OF AARON
L. SIMON, NO. 18 TEMPLE PLACE, PASSAIC, NEW JER-
SEY, AND IN THE HOME OF IRWIN SIMON, AND IN
THE FORMER OFFICES OF AARON L. SIMON, NO. 174
COLUMBIA AVENUE, PASSAIC, NEW JERSEY, AND THE
RETURN AND PRECLUSION OF ANY AND ALL EVI-
DENCE SEIZED AS A RESULT OF THE SEARCH.

Argued June 4, 1934—Decided February 26, 1935.

For the petitioners, *Minturn & Weinberger (Harry H. Weinberger*, appearing personally).

For the state, *James D. Carpenter, Jr.*; assistant attorney-general.

DELANEY, C. P. J.  Petitioners seek to quash the search warrant permitted in the instant proceedings, thus desiring to nullify the entire proceedings which would result in the return and preclusion of any and all papers and things seized in the search.  Their basic contention is that the search was

unreasonable as violating provisions in the state and federal constitutions. As supporting this belief, their numerous grounds assert that there was a lack of probable cause, that there was a failure of a particular description, that the proceedings authorized a search of more than one property and of the effects of more than one person, and, further, that a search was made of premises in possession of persons who were not mentioned in the proceedings.

The state contends the entire proceedings were regular and in conformance to the legal requirements. The opinion of this court is that proceedings were proper. The search warrant, together with the supporting affidavit of Chief Frederick Senz, of the prosecutor's office, were in form sufficient and certain. What was done in reliance of the search warrant was a pursuit of the mandates of the directions contained in the search warrant. The question of sufficiency and certainty, which forms the basis of the actions of the proper authorities in executing the search warrant, is greatly stressed. This suggests petitioners' objections that the proprieties were not observed and that, therefore, the proceedings are invalid. There are other objections, which will be reviewed later.

But proprieties and essentials are not identical. A suggestion of proper form is not to be understood as requiring the minuteness of detail in particular description, such as seeking a separate warrant for each person, and for each premise to be searched. The desire of proper form is to be understood to prescribe the minimum of sufficiency. See *State* v. *Von Geldern*, 10 *N. J. Mis. R.* 1045; 162 *Atl. Rep.* 183. In the present case, the law requires a sufficiency and certainty only to the degree that the premises and persons are subject of such identification that peace officers, who are ordered to execute the same, can follow the mandate without difficulty. In 56 *Corp. Jur.* 1232, it is stated that an exact, technically legal, description is not as a rule required, but that all that is required is that the description must be such that any person familiar with the locality can by inquiring identify the premises described. Also in support is *United States* v.

*Borkowski,* 268 *Fed. Rep.* 408. Testing the present warrant and affidavit upon these principles, the form as to sufficiency and certainty of description was adequate although not containing every propriety that would make the description technical in every respect. A reading of the proceedings would apprize the peace officers just what to do, even though the law permits an inquiry in order to guide them to the place intended.

This leaves it clear that the peace officers were directed to search premises for effects of Dr. Aaron L. Simon located in the home of Aaron L. Simon, at 18 Temple Place, and in the home of Irwin Simon and in the former offices of Aaron L. Simon, 174 Columbia avenue, all in Passaic. But then comes the next objection that different persons tenant and are in possession of the premises in question, and that, in addition, premises known as No. 176 Columbia avenue, were entered. Why are search warrants issued? They are authorized for the purpose of seizing effects as evidence. This then suggests that the premises, rather than personages, are the important subject of consideration. For, it is logical to assume that evidence may be in possession of an innocent person unconnected with any crime, and that what would be sought, is to search premises with a description that would apprize the peace officer as to the location. That is done here. Whether Dr. Simon still occupied them, or someone else, is not of essential consideration as the use of his name and of Irwin Simon was correlated to contain a description that would give forth the identity of the place to be searched. Assuming that the warrant was directed to 174 Columbia avenue, and did not include 176 Columbia avenue, this would not vitiate the warrant for lack of description for the warrant is directed to the "former offices of Aaron L. Simon, 174 Columbia avenue," and the peace officer is to employ that description to identify the former offices of Dr. Simon. There is nothing suggested that they were not his former offices. All that is asserted is a present status of possession. There is nothing to condemn the action of the peace officer; nothing is said that his inquiry did not show that all the

premises searched were 'the former offices of Dr. Simon. Again, it is clear that the law affords and requires a particularity of description only to the extent that it serves as an identification.

Dispositive is a short statement in 56 *Corp. Jur.* 1232, where it is stated:

"* * * and a description will not be insufficient where the person named therein was neither the householder, nor the owner of the premises, but was a member of the owner's family."

It is also asserted in the same volume, that, where the place to be searched is otherwise properly described, the description or the name of the owner or occupant is not necessary provided he himself is not to be searched.

On the questions that separate search warrants are required for each premise to be searched, the law is otherwise. *Gray* v. *Davis,* 27 *Conn.* 447; 3 *A. L. R.* 1518; *Boone* v. *Com.,* 206 *Ky.* 657, and 56 *C. J.* 1234.

This disposes of all the questions raised except as to the fact that no probable cause existed. There was probable cause, however, as tested under the rule of *Lane* v. *Pennsylvania Railroad Co.,* 78 *N. J. L.* 672; 76 *Atl. Rep.* 1016, which is as follows:

"Probable cause" means reasonable grounds for suspicion, supported by circumstances sufficiently strong in themselves to warrant an ordinarily cautious man in the belief that accused is guilty of the offense charged; and, to constitute probable cause, a prosecutor need not necessarily have personal knowledge of the transaction of which he complains, but may act upon information communicated to him in the ordinary routine of business, where he honestly believes such information to be true and the information is of such character, and is communicated in such a manner that, under similar circumstances it would be acted upon by a business man of ordinary prudence. * * * The question of probable cause does not turn upon a consideration of what were the facts of the case, but upon a consideration of what were the facts as they appeared or were known by, or were believed to

be, by the person making complaint; the controlling fact being not whether there was actual cause for the prosecution, but whether the person instituting it had probable cause for doing so * * *."

Guided by this rule, the issuance was legal and proper. Chief Senz possessed sufficient grounds for he had information that showed he, honestly, believed there existed the commission of crime or crimes in Passaic and Monmouth counties.

The motion for an order quashing the search warrant issued in the premises and the return and preclusion of any and all evidence seized as a result of the search is denied.