LOUIS RESNICK, ET AL. *v.* STATE OF MARYLAND

[No. 14, January Term, 1944.]

*Decided March 23, 1944.*

The cause was argued before SLOAN, C. J.; DELA-PLAINE, COLLINS, MARBURY, MELVIN, and BAILEY, JJ.

*E. Milton Altfeld* for the appellants.

*J. Edgar Harvey, Assistant Attorney General,* and *Thomas N. Biddison, Assistant State's Attorney for Baltimore City,* with whom were *William C. Walsh, Attorney General,* and *J. Bernard Wells, State's Attorney for Baltimore City,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

On August 13, 1943, officers of the Baltimore Police Department entered a residence at 4723 Reisterstown Road. In the house they found Louis Resnick and George Seidman, the appellants. To Seidman was handed a search warrant. He was told to stand where he was and that a search was to be started. The officers found on the second floor, where the appellants were, run down sheets, forms and bulletins of horse racing, racing information, one hundred fifty-four bet slips containing one thousand four hundred sixty-nine race horse bets, totaling $3,624.00. The officers also while there took over the telephone seventy-five bet slips and seven hundred fifty-four race horse bets, totaling $2,144.00 in bets. Checks found in the room totaled $118.85 and cash money, $1,349.00. Both of the appellants told the officers that they had been bookmakers there and had been in business for about a year or a little longer.

As a result the two appellants, together with Irving Rothstein listed in the Baltimore City Directory as one of the occupants of the property, and Emile M. Fisher also listed in the same directory as an occupant and listed in the Baltimore Address Telephone Directory for one of the telephones on the premises, were jointly indicted on fifteen counts for every phase of betting on horse racing. After trial in the Criminal Court of Baltimore City, all were found guilty and each sentenced

to pay a fine of $1,000. Sentence was later suspended on Rothstein and Fisher. Louis Resnick and George Seidman appeal to this Court from the verdict, judgment and sentence.

Two questions are presented on appeal. (1) Are the appellants entitled to complain of the illegal search? (2) Do the facts set forth in the affidavit and embodied in the search warrant constitute probable cause?

These questions are raised by the refusal of the Trial Court to grant a motion by the appellants, in which Rothstein and Fisher did not join, to quash the search warrant and by an exception by the appellants to the ruling admitting the search warrant in evidence.

Before the passage of Chapter 194 of the Acts of 1929, commonly known as the Bouse Act, now Section 5 of Article 35 of the 1939 Code, evidence procured by means of an unlawful search and seizure was admissible in this State. *Lawrence v. State,* 103 Md. 17, 36, 37, 63 A. 96; *Meisinger v. State,* 155 Md. 195, 196, 199, 141 A. 536, 142 A. 190; *Baum v. State,* 163 Md. 153, 156, 161 A. 240; *Nolan v. State,* 157 Md. 332, 339; *Heyward v. State,* 161 Md. 685, 694, 158 A. 897; *Zukowski v. State,* 167 Md. 549, 557, 175 A. 595; *Silverstein v. State,* 176 Md. 533, 540, 6 A. 2d 465; *Riley v. State,* 179 Md. 304, 312, 18 A. 2d 583; *Leon v. State,* 180 Md. 279, 282, 23 A. 2d 706. Chapter 194 of the Acts of 1929, supra, provides: "No evidence in the trial of misdemeanors shall be deemed admissible where the same shall have been procured by, through, or in consequence of any illegal search or seizure or of any search and seizure prohibited by the Declaration of Rights of this State; nor shall any evidence in such cases be admissible if procured by, through or in consequence of a search and seizure, the effect of the admission of which would be to compel one to give evidence against himself in a criminal case."

Those whose rights have been or may be disturbed alone may invoke the provisions of Chapter 194, supra, and the constitutional right against unreasonable search and seizure. Those whose property or possesions are

affected by such search and seizure alone may claim the constitutional and statutory provisions against unwarranted search and seizure. It has been frequently held by this Court that a person cannot complain of an illegal search and seizure of premises or property which he neither owns, nor leases, nor controls, nor lawfully occupies, nor rightfully possesses, nor in which he has no interest. Where there is no showing nor contention that the persons complaining were the lawful occupants of the premises, they cannot invoke the constitutional provisions against unwarranted search and seizure. *Baum v. State*, supra, 155, 156, 157, 161 A. 244; *Frankel v. State*, 178 Md. 553, 562, 16 A. 2d 93; *Bevans v. State*, 180 Md. 443, 448, 24 A. 2d 792.

The lawful occupants of the premises, according to the City and Telephone Directories, are Emile M. Fisher, Irving Rothstein and Mrs. Bernice Fisher. Emile M. Fisher and Irving Rothstein were convicted jointly with the appellants. Neither of these nor Mrs. Bernice Fisher complain about the unwarranted search and seizure. There is no claim by the appellants, either in the petition to quash or in the evidence offered, that the property or possessions seized and searched were owned, leased, controlled or rightfully possessed by them or that they had any interest in them. Their only claim to lawful occupancy of the premises is their statement to the police that they had been bookmakers there, and had been in business for about a year or a little longer. Bookmaking, of course, is unlawful, being forbidden by statute. Code, 1939, Art. 27, Sec. 291. This statement alone could not be considered as a valid claim of lawful occupancy. As the appellants are not entitled to complain of the illegal search, the sufficiency of the affidavit and search warrant is not before this Court.

*Judgment affirmed, with costs.*