## MIKE WOOD, ALIAS MIKE WOODS *v.* STATE OF MARYLAND

[No. 20, October Term, 1945.]

*Decided November 28, 1945.*

The cause was argued before DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Paul Berman,* with whom were *Eugene A. Alexander III,* and *Theodore B. Berman* on the brief, for the appellant.

*J. Edgar Harvey, Assistant Attorney General,* with whom were *William Curran, Attorney General, J. Bernard Wells, State's Attorney,* and *Joseph G. Finnerty, Assistant State's Attorney,* on the brief, for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a judgment upon a verdict of guilty of violation of the lottery laws. Among the violations charged, and covered by the verdict, are unlawful possession of lottery slips, Code, 1939, Art. 27, Sec. 411, and keeping a room for the purpose of selling lottery tickets, Art. 27, Sec. 409.

The only questions presented on this appeal are the validity of a search warrant and of the search and seizure made under it and the admissibility in evidence of the lottery slips seized under the search warrant.

Before the trial the defendant filed a motion to quash the search warrant, alleging that he was in lawful possession as tenant of the premises searched and that the affidavit on which the search warrant was issued contains no sufficient basis for the issuance of it and no facts which show probable cause for issuance. The motion to quash was overruled. At the trial the lottery slips seized were admitted in evidence over objection. Exceptions were taken to the Court's rulings on the motion and on the admission of the lottery slips in evidence. It is stipulated between counsel that the lottery slips were so admitted in evidence and the questions

presented on appeal are so limited; the defendant's attorney admitting that if the search warrant is valid, the lottery slips were properly admitted in evidence, the State's attorney admitting that if the search warrant is void, the lottery slips were improperly admitted in evidence. *Goodman v. State,* 178 Md. 1, 4, 11 A. 2d 635; *Mazer v. State,* 179 Md. 293, 295, 18 A. 2d 217; *Foreman v. State,* 182 Md. 415, 416, 417, 35 A. 2d 171.

The ultimate question therefore is: Do the facts set forth in the affidavit show probable cause for believing the existence of the grounds on which the warrant was issued? Art. 27, Sec. 306.

The affidavit of Sergeant Joyce of the Baltimore Police Department, dated March 27, 1945, presented to Judge Dickerson, alleges that there is probable cause to believe that a misdemeanor is being committed, in that the law in relation to a lottery establishment is being violated in the premises at 830 West Saratoga Street, a lunchroom, listed in the 1942 City Directory as occupied by Charles Wood, restaurant; "affiant believes, founded upon experience with such violations, that a lottery is being conducted in the said premises." The search warrant, issued the same day by Judge Dickerson, recites that it appears to the judge, by the written information signed and sworn to by Sergeant Joyce, that the judge has probable cause to believe that the law prohibiting the drawing of a lottery, etc., (citing nine sections) is being violated by the occupants described or referred to or other occupants in the premises at 830 West Saratoga Street, a lunchroom listed in the 1942 City Directory as occupied by Charles Wood, restaurant; and the basis for conclusions as to probable cause is specific in that (setting forth the same facts set forth in the affidavit):

On March 13th, 14th, 15th, and 16th, 1945, Officer Hines, on instructions of affiant, went to the vicinity of 830 West Saratoga Street, to observe any activities pertaining to lottery, remaining from 9:40 a. m. to 11:25 a. m. on March 13th, from 8:30 a. m. to 9:30 a. m. on

March 14th, from 9:40 a. m. to 10:40 a. m. on March 15th, and from 8:15 a. m. to 9:15 a. m. on March 16th. During these periods of observation he saw, on March 13th, a total of ten colored men and six colored women enter the premises, of whom only a few remained on the premises longer than two or three minutes; on March 14th, fourteen colored men and two colored women, all of whom would enter and remain for two or three minutes, except two or three men who remained about ten minutes; on March 15th, eight colored men and three colored women, only two of whom remained longer than two minutes; on March 16th, fourteen colored men and three colored women, none of whom, except the three women, remained more than two or three minutes. About 10:20 a. m. on March 15th and once the next day, a colored man wearing a white restaurant apron came to the door, looked up and down the street several times and then went back to the lunch room. The lottery known as "numbers" requires that the play or slips be collected by certain people designated as runners and writers and then returned to the person conducting the game; and it is the belief of the affiant that the persons described and referred to are runners or writers and are actively engaged in the business of conducting a lottery.

The Bouse Act (Art. 35, Sec. 5) makes inadmissible in the trial of misdemeanors evidence procured by "any illegal search or seizure or * * * any search and seizure prohibited by the Declaration of Rights of this State." The Act of 1939 (Art. 27, Sec. 306) authorizes issuance of a search warrant upon a showing, by sworn application in writing, of "probable cause" to believe that any misdemeanor or felony is being committed, the "basis" of the probable cause to be set forth in the application and "the grounds for such search" to be described in the search warrant. If it appears that "there is no probable cause for believing the existence of the grounds on which the warrant was issue," the property taken shall be restored. In Maryland, Constitution, Declaration

of Rights, Art. 26, and in other states state constitutional provisions, unlike the Fourth Amendment to the Constitution of the United States, have been held not to make evidence inadmissible because procured by unlawful search or seizure. *Resnick v. State,* 183 Md. 15, 17, 36 A. 2d 347, and cases cited; *Bass v. State,* 182 Md. 496, 503, 35 A. 2d 155. The Bouse Act and the Act of 1939 amount to adoption *pro tanto* of the Supreme Court decisions under the Fourth Amendment. *Boyd v. United States,* 116 U. S. 616, 29 L. Ed. 746; *Weeks v. United States,* 232 U. S. 383, 58 L. Ed. 652; *Carroll v. United States,* 267 U. S. 132, 69 L. Ed. 543.

For the meaning of "probable cause" in the Act of 1939 and "illegal search and seizure" in the Bouse Act, we therefore must hark back to the common law as embodied, by construction, in the Fourth Amendment. As Chief Justice Taft has shown, the concept of "probable cause" is essentially similar with respect to searches and seizures and in malicious prosecution and false imprisonment cases. *Carroll v. United States, supra,* 267 U. S. at page 161, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. In all these classes of cases the concept was a familiar one at the time of the adoption of the Constitution. From this wide field have come definitions which have been followed under the Fourth Amendment. Such definitions have already been reviewed and followed by this Court. *Goodman v. State,* 178 Md. 1, 8-10, 11 A. 2d 635; *Allen v. State,* 178 Md. 269, 275, 278, 13 A. 2d 352; *Frankel v. State,* 178 Md. 553, 557, 16 A. 2d 93; *Riley v. State,* 179 Md. 304, 311-313, 18 A. 2d 583; *Foreman v. State,* 182 Md. 415, 35 A. 2d 171.

"If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offense has been committed, it is sufficient." *Stacey v. Emery,* 97 U. S. 642, 645, 24 L. Ed. 1035; *Carroll v. United States, supra,* 267 U. S. at page 161, 45, 69 L. Ed. 543; *Goodman v. State, supra,* 178 Md. at pages 9-10, 11 A. 2d 635. Mr. Justice Washington's definition of probable cause is "a reasonable ground

of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the party is guilty of the offense with which he is charged." *Stacey v. Emery, supra; Carroll v. United States, supra; Dumbra v. United States,* 268 U. S. 435, 441, 69 L. Ed. 1032; *Goodman v. State, supra,* 178 Md. at page 10, 11 A. 2d 635. Probable cause is more than suspicion or possibility but less than certainty or proof.

On the facts this case is near the border. The question of probable cause must be determined by the judge, not by the applicant for the search warrant. *Mazer v. State, supra,* 179 Md., at pages 300-302, 18 A. 2d 217. But in making this determination, the experience and special knowledge of police officers who are applicants are among the facts which may be considered. *Allen v. State, supra,* 178 Md., at page 276, 13 A. 2d 352; *Foreman v. State, supra,* 182 Md. at page 420, 35 A. 2d 171; *Steele v. United States,* 267 U. S. 498, 504, 505, 69 L. Ed. 757. Unusual numbers of persons going to or from the premises are circumstances which have been given weight by this Court, but the numbers have been larger than in this case, and there have also been other suspicious circumstances, especially precautionary measures to prevent intrusion by unwanted guests and otherwise to prevent detection. *Goodman v. State, supra,* 178 Md. at pages 4, 5, 9-10, 11 A. 2d 635; *Allen v. State, supra,* 178 Md. at pages 276-279, 13 A. 2d 352; *Frankel v. State, supra,* 178 Md. at pages 556-558, 16 A. 2d 93. In the present case the facts stated indicate—indeed the event demonstrated—the possibility that a lottery was being conducted on the premises. They show that most of the persons who entered the restaurant during the morning hours in question did not stay long enough for a meal. However, it is common knowledge that most of the patrons of a "drug store" buy anything but drugs. For aught that the application shows, restaurants—or this particular restaurant—may sell soft drinks, tobacco, candy and other things and may serve few meals

before lunch hours. With respect to this restaurant the facts probably were quite different from these suggestions. If such facts were known, they should have been stated in the application.

We conclude that the facts stated in the application and in the warrant do not show probable cause. The motion to quash should have been granted and the lottery slips not admitted in evidence.

The State suggests that the judgment should nevertheless be affirmed because the stipulation between counsel, that if the search warrant is valid the lottery slips seized were properly admitted in evidence, is equivalent to an admission of guilt, in unlawful possession of the lottery slips, and makes any illegality in the search warrant harmless. The stipulation, concerning the contents of the record on appeal, is not testimony by the defendant, at the trial, admitting guilt. *Riley v. State, supra,* 178 Md. at page 313, 18 A. 2d 583. If mention of possession of things illegally seized is a plea of guilty, then the motion to quash would have the same effect, and the express provisions of the Act of 1939 would be nullified. Like the Fourth Amendment, the Act of 1939 protects the guilty as well as the innocent against illegal search and seizure. The deficiencies of the warrant cannot be supplied by the evidence at the trial. *Foreman v. State, supra,* 182 Md. at page 416, 35 A. 2d 171. If the consequences of error, on a close question of law on an application for a search warrant, should be deemed out of proportion to the error, this is a matter for the Legislature, not for the Courts. *Sugarman v. State,* 173 Md. 52, 59-61, 195 A. 324; *Mazer v. State, supra,* 179 Md. 302, 303, 18 A. 2d 217.

*Judgment reversed, and new trial awarded.*