JAMES S. O'DONNELL, ET AL., *v.* STATE OF
MARYLAND

[No. 160, October Term, 1946.]

694

*Decided June 11, 1947.*

*Reargument denied July 21, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Robert W. McCullough* for Sanner, appellant.

*John J. Laughlin* for O'Donnell, appellant.

*Alan H. Murrell, Assistant State's Attorney,* with whom were *Hall Hammond, Attorney General; J. Bernard Wells, State's Attorney for Baltimore City; J. Edgar Harvey, Assistant Attorney General,* and *William H. Maynard, Deputy State's Attorney for Baltimore City,* on the brief, for appellee.

MARBURY, C. J., delivered the opinion of the Court.

The appellants were charged in two indictments brought by the Grand Jury of Baltimore City with obtaining money by false pretenses and with conspiracy to obtain such money. They were tried jointly before a jury in the Criminal Court of Baltimore City and both were found guilty. On a motion for new trial heard by the Supreme Bench of Baltimore, O'Donnell was granted a new trial on the false pretenses charge, but not on the conspiracy charge. Sanner was denied a new trial on both charges. Subsequently, both were sentenced, and from the judgment of sentence appealed here. They were represented by separate counsel in the trial below, but filed a joint brief here.

The basis of the charges was that Sanner had a racing stable in which was a race horse "Rounco." "Rounco" had been quite unsuccessful in his races. O'Donnell also had a stable which included a horse called "Flying Kilts." This horse was a much better horse than "Rounco." It is charged the appellants ran "Flying Kilts" under an entry of "Rounco" in two races at the Pimlico race track, one on November 12, 1945, in which the horse that ran came in third, and won a purse of $150, and one on November 27, 1945, in which the horse came in first and won $1,100.

The errors assigned are the admission in evidence of certain compilations from racing records, the permitting a witness to refer to his notes, the permitting of. testimony as to the contents of a telegram when the telegram was not produced, and the failure to grant the defendants a new trial. On examination we .find no error in any of these actions of the lower court.

The first question arose during the testimony of John M. Heil, assistant secretary of the Maryland Jockey Club, which operates the race track at Pimlico. He produced a large book known as the "Scale Sheet," which contained the official entry of each horse, the owner's name, the trainer's name, and data of the actual running and completion of the race. From this book he testified to the entries and results of the race of November 12, 1945, and to similar data as to the race of November 27, 1945. This evidence was introduced without objection. Subsequently, he testified that the official records of the Maryland Jockey Club, showing races and results at Pimlico every day, were published as a Daily Racing Form by the Triangle Publications, that these publications are condensed in a monthly chart book, and that every race run on the North American continent is thus published in this book, put out monthly. From this book he had made reviews of the official racing records of the two horses in question, "Rounco" and "Flying Kilts." These reviews showed the first race and every race each horse had been in since he was a two-

year-old, how he performed in every race, the money paid in case the horse won, the betting and the jockey. Counsel for O'Donnell then asked for permission to further examine the witness on preparation of his reviews. The Court said that he would let the reviews in subject to exception, and on cross-examination if anything developed which would make the reviews inadmissible, he would strike them out. The witness then testified from his reviews on all the races run by each of the horses in question, not only at Pimlico, but at other race tracks.

It is provided by Code, Article 35, Sec. 68, that any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of said act, transaction, occurrence or event, if made in the regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. The statute also provides that the term "business" shall include business, profession, occupation and calling of every kind. This statute is clearly broad enough to include the "scale sheet" kept by the Maryland Jockey Club. It has been held by this Court that where the books from which certain items are desired to be offered in evidence are large records, a compilation properly made from these records is admissible. *Laporte Corp. v. Pennsylvania-Dixie Cement Corp.*, 164 Md. 642, pages 648-650, 165 A. 195, 168 A. 844, 108 A. L. R. 1474.

The compilations in the present case were not made entirely from the records of the Maryland Jockey Club, but were made also from the printed monthly chart book, generally called the Daily Racing Form Chart Book, compiled by the Triangle Publications. This includes races elsewhere than at Pimlico, and the compilations include races run by the two horses at race tracks other than Pimlico. The records of these tracks were not produced.

Under these circumstances the question arises whether the Daily Racing Form Chart, itself, was admissible in evidence. If it was not, of course, the compilations were not admissible. But any objection which might have been made to the compilations was removed when counsel for Sanner offered in evidence (without objection either by the State or by O'Donnell) both the Daily Racing Form Chart Book and the Maryland Jockey Club "Scale Sheet." Both of these records, which were large and voluminous, were admitted in evidence. The compilations were made from them. There is, therefore, no basis for any claim that there was any error in the admission of the compilations or any testimony from them. In addition, the testimony was admitted subject to exception and no subsequent motion was made by the defendants or either of them to strike it out. That precise question has been recently before this Court in the case of *Courtney v. State,* 187 Md. 1, 48 A. 2d 430. We held that in the absence of such a motion there was nothing for us to review.

The second question raised by defendants relates to the action of the Court in permitting Lt. Forrester, a State witness, to refer to the notes he made as a result of a talk he had with a certain Keith Dove. Objection was made that he should not be allowed to use the notes until he first testified that he could not remember what was in them. The record shows that the witness testified that he remembered substantially the conversation and he proceeded with his testimony without referring to the notes at all. On cross-examination he was asked to fix a date and the appellants requested him to refer to the notes and state the date there shown. This he did at appellant's request, and this is the only reference which he made to his notes during the examination. Ordinarily a witness is permitted to use notes made by him at the time of the conversation to refresh his recollection. But we have no question as to such action by the witness in this case because his notes were not used,

except upon the request of appellants. We have, on this point, no facts upon which we can make any decision.

The third question relates to a telegram. A witness testified on direct examination that one of the appellants had sent him a telegram to proceed to New Orleans. He was then asked "Did he say in the telegram just come to New Orleans?" Objection was made to this question, but the trial court apparently did not rule on the objection, and the question was not answered. There is, therefore, nothing before us.

It has been stated many times by this Court that the action of a trial court in granting or refusing a motion for a new trial is not appealable in this State. The cases have been recently collected and cited in *Snyder v. Cearfoss*, 186 Md. 360, 46 A. 2d 607. There is nothing to be added to what is there said.

For the reasons stated the judgments will be affirmed.

*Judgments affirmed with costs.*

On motion for Reargument, the following opinion was filed *Per Curiam*:

Appellant O'Donnell has filed a motion for reargument, and, as one of his grounds, states that his counsel did not appear at the argument "inasmuch as he was under the belief that the Clerk would notify him of the date of the hearing on said appeal." In view of this statement, we file this memorandum.

It is incumbent on counsel to follow the assignment of cases. If counsel are not present when their cases are called, and no seasonable request for postponement has been made, the cases must be taken as submitted on brief. There is no rule of court requiring the Clerk to notify counsel when cases are in the assignment. The assignment is published each day, and as a matter of courtesy to counsel and of convenience to them the Clerk also tries to telephone at least one counsel on each side. In this case, appellants were represented by separate counsel, but they filed a joint brief and there were

no apparent differences in their positions on appeal. The Clerk did not notify the nonresident counsel who represented O'Donnell. When the case was called, the resident counsel who represented Sanner appeared and said that he had been unable to get in touch with O'Donnell's counsel. He stated, however, that he did not ask a postponement. He argued the case for the appellants, and no distinction was made by him between them.

*The motion will be denied.*