# ROSE DAVIS *v.* STATE OF MARYLAND
[No. 12, October Term, 1947.]

*Decided November 14, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*A. David Gomborov,* with whom were *Gomborov & Gomborov, H. Lee Brill* and *A. Joseph Diener* on the brief, for the appellant.

*J. Edgar Harvey, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General, J. Bernard Wells, State's Attorney,* and *Alan H. Murrell, Assistant State's Attorney of Baltimore City,* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Rose Davis, appellant, George Davis and Mary Hooper were tried by the Criminal Court of Baltimore City, sitting without a jury, on February 10, 1947, on an indictment containing eleven counts charging violations of the lottery law. Code 1939, art. 27, secs. 405-410. They were found guilty on two counts. On February 26 the Court fined Mrs. Davis $100, George Davis $100, and Mary Hooper $25. Mrs. Davis is appealing here from the judgment against her.

The contention of appellant is that the search warrant, which was issued on January 30, and which enabled the police to obtain the evidence to convict defendants, was invalid because it did not comply with the Maryland Declaration of Rights and the requirements of the criminal statute (Code 1939, art. 27, sec. 306), and hence the Court, in admitting the lottery paraphernalia seized by the police, committed reversible error, because of the provision of the evidence statute (Code 1939, art. 35, sec. 5) that no evidence in the trial of misdemeanors shall be admissible where the same shall have been procured in consequence of any illegal search or seizure or of any search and seizure prohibited by the Declaration of Rights of this State.

Before Sergeant Thomas Joyce, of the Baltimore City Police, commenced his testimony, the attorney for the defense moved to quash the search warrant. This warrant, issued by Judge E. Paul Mason, commanded Sergeant Joyce, with any necessary and proper assistants, to enter the three-story dwelling at 1905 East Chase Street to search for and seize all lottery books, lottery slips and any other paraphernalia used in the operation of a lottery, and any money used to play thereon, and to arrest John William Davis and any other persons who may be found on the premises playing a lottery or who may be found with lottery paraphernalia in their possession. On entering the second-floor apartment, the police found a considerable amount of lottery paraphernalia, and arrested the three defendants. When the attotrney for the defense moved to quash the search warrant, the judge inquired whether he wished the court to admit the evidence subject to exception, and the attorney replied: "That is right." As soon as Sergeant Joyce testified that he entered the house at 1905 East Chase Street on January 30 with the search warrant, the Court admitted it in evidence without further objection. Shortly afterwards the Assistant State's Attorney offered all of the paraphernalia seized under the search warrant. The attorney for the defense objected to their admission, whereupon the judge remaarked: "I want to hear the objection to it." Before he heard the objection, however, Sergeant Joyce was briefly cross-examined. The judge then heard the argument on the invalidity of the search warrant, but immediately ruled that it was valid. There was not, however, any final ruling on the admissibility of the paraphernalia. It is true that the attorney did object to their admission in evidence; but the judge, instead of making an immediate ruling, admitted them subject to exception. There was no further challenge of the evidence by the attorney, who was not one of the attorneys on this appeal.

Prior to 1872 no appeal from criminal proceedings was allowed in the State of Maryland, except in some

comparatively unimportant cases. *Mitchell v. State*, 82 Md. 527, 34 A. 246. In 1872 the Legislature made it lawful for any accused person or for the State in any criminal case to except to any ruling of the court, and to tender a bill of exceptions as in civil cases, in order to appeal from the ruling to the Court of Appeals. The Act of 1872, which allowed bills of exceptions in criminal cases for the first time in this State, provided that after such an appeal was entered, no judgment should be rendered against the accused, in case he should be found guilty, until the Court of Appeals had determined upon the exception and remanded the case to the trial court. Laws of 1872, ch. 316. Under that Act appeals in criminal cases were taken before sentences were imposed, and they did not bring to the Court of Appeals any rulings on demurrers to the indictments. The only questions that could be considered on appeal were those presented by bills of exceptions. Thus it was possible that the same case might be brought to the Court of Appeals twice; first, on appeal filed before sentence to review rulings on questions presented by a bill of exceptions; later, by petition as upon a writ or error filed after sentence to review alleged errors appearing on the face of the record. It was impossible to bring to the Court of Appeals any ruling on a demurrer and rulings on the evidence on the same record. In civil cases the law was different. When a judgment was entered in a civil case, the appeal brought up the rulings on demurrers as well as on the evidence. *Avirett v. State*, 76 Md. 510, 515, 25 A. 676, 987. In 1892 the Legislature amended the law by enacting that parties to criminal proceedings shall be entitled to bills of exceptions in the same manner as in civil proceedings, and that appeals from judgments in criminal cases may be taken in the same manner as in civil cases. Laws of 1892, ch. 506, Code 1939, art. 5, sec. 86. Thus, after the passage of the Act of 1892, all appeals in criminal cases were taken from the judgments, and the records in the Court of Appeals included rulings on demurrers

as well as exceptions to the evidence. *Kaefer v. State,* 143 Md. 151, 160, 122 A. 30.

In 1945 this Court adopted the rule that formal exceptions to rulings or orders of the court are unnecessary. Under this rule it is sufficient for all purposes for which an exception has heretofore been necessary that a party, at the time the ruling or order is made or sought, makes known to the court the action which he desires the court to take, or his objection to the action of the court and his grounds therefor. Rules of the Court of Appeals, Rule 17. While a formal exception is no longer necessary, it is still necessary for appeal that some objection be made and that the court rule upon the question. In the absence of such a ruling there is nothing for the Court of Appeals to review. *Courtney v. State,* 187 Md. 1, 48 A. 2d 430; *O'Donnell v. State,* 188 Md. 693, 53 A. 2d 688. It is a rule of long standing that the Court of Appeals shall in no case decide any point or question which does not plainly appear by the record to have been tried and decided by the court below. Rules of the Court of Appeals, Rule 9; Code, 1939, art. 5, sec. 10. This rule applies to criminal as well as civil cases. *Hamilton v. State,* 127 Md. 312, 96 A. 523; *Miggins v. State,* 170 Md. 454, 459, 184 A. 911. This rule was adopted to promote the orderly administration of the law and fairness to the opposite party. Where a party has the option to object or not as he sees fit, his failure to exercise the option while it is still within the power of the trial court to correct an error, must be held to constitute a waiver of the error or to create an estoppel against bringing it to the attention of the Court of Appeals. The ends of justice are served by the avoidance of delay and expense incident to appeals and new trials upon grounds of objection which might have been obviated and corrected in the trial court if the question had been ruled upon.

In the case at bar the attorney for the defense did not move to strike out the challenged evidence at the close of the case, and there was no ruling by the court. Hence,

there is no basis for the claim on this appeal that the court committed reversible error. In the absence of a ruling by the court, no question has been properly presented for review. We specifically hold that where a defendant objects to the admission of evidence, and the Court, instead of making a definite ruling thereon, admits the evidence subject to exception, the record, to be sufficient for the basing of reversible error thereon, must show that the ruling was made or sought before the close of the case. *Courtney v. State,* 187 Md. 1, 48 A. 2d 430; *State v. Holley,* 136 S. C. 68, 134 S. E. 213. We cannot add to the record by assuming that the attorney for the defense moved to strike out the paraphernalia in evidence before the close of the case and that the trial court thereupon ruled on the question. The Court of Appeals has always refused to pass upon the comparative weight of conflicting evidence, and upon the sufficiency of evidence to establish the crime with which an accused is charged. We are limited in our review of a criminal case to errors of law committed by the trial court in its rulings. Where there is no reversible error in the rulings, the verdict cannot be disturbed by the Court of Appeals. *Lanasa v. State,* 109 Md. 602, 71 A. 1058; *Coblentz v. State,* 164 Md. 558, 166 A. 45, 88 A. L. R. 886; *Wilson v. State,* 181 Md. 1, 26 A. 2d 770; *Bright v. State,* 183 Md. 308, 318, 38 A. 2d 96; *Quesenbury v. State,* 183 Md. 570, 39 A. 2d 685.

As the Criminal Court did not rule on the objection to the admissibility of the lottery paraphernalia, the appeal from the judgment must be dismissed.

*Appeal dismissed, with costs.*