BEN FRANK, ET AL. *v.* STATE OF MARYLAND

[No. 70, October Term, 1947.]

592

*Decided January 16, 1948.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Maurice T. Siegel* and *Ellis Levin* for the appellants.

*J. Edgar Harvey, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *John Grason Turnbull* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Ben Frank and David Mazor from a judgment and sentence of the Circuit Court for Baltimore County on conviction on a criminal information, containing four counts, charging them with violating the law forbidding bookmaking. The case was tried by the Court, sitting as a jury. Appellants did not testify.

On a search warrant issued by a judge of the Supreme Bench of Baltimore City, Captain Alexander Emerson of the Baltimore City Police Force, accompanied by other officers, on June 12, 1947, went to the premises of the Merridale Riding Academy for the purpose of executing that search warrant. He rapped on the door and not being admitted, the officers entered a room by force and found the appellants there with betting paraphernalia on a table showing bets totaling approximately $2,400. Two of the officers took bets of over $220 over the telephone.

Apparently Captain Emerson thought this riding academy was in Baltimore City but it was found at the time of the raid, and after the building had been entered, that the place searched was in Baltimore County. It is admitted by the State that the search warrant was illegal and void. Jointly charged with the appellants here was one George L. Sheppard. Upon a lease being offered in evidence showing that George L. Sheppard was the lessor of the property under a written lease, a verdict of "not guilty" was returned as to George Sheppard by the trial judge under the theory that he was lawfully in possession of the premises and could invoke the point of illegal search. There was no provision in this lease to George Sheppard forbidding the sub-leasing of the property.

Captain Emerson, called as the first witness by the State, testified that the defendants, the appellants here, were in the room, and as to what he found on the premises after the door was open. The betting paraphernalia found by him was offered in evidence. An objection was offered to the admission of that testimony and evidence, on the ground that the search was illegal. This

testimony and evidence was admitted by the trial judge, subject to exception. After George Sheppard had been found "not guilty" he was called as a witness by the defense. He testified that he had rented the property including the building here searched, from the owners at a monthly rental. He further stated that he had rented the barn and the carriage house on the premises, which included the building searched, to the two appellants for a monthly rent and that they had been paying the rent. He said he had no idea for what purpose the building searched was being used. There is no denial of Sheppard's testimony that he sub-let the building searched, to the appellants. At the end of the case the trial judge overruled the motion to strike out the testimony and evidence of Captain Emerson which he obtained as a result of his illegal search.

Counsel for appellants contends that the appellants were in possession of the premises under a verbal lease from George Sheppard and as the search warrant was admittedly unlawful, the trial judge should have granted the motion to strike out which was overruled. They contend that the admission of that testimony and evidence was prejudicial to the appellants and that David Mazor should be awarded a new trial. During the argument in this Court, counsel for Ben Frank notified this Court that Ben Frank is now deceased, having died since the appeal was taken.

Chapter 194 of the Acts of 1929, Code, Article 35, Sec. 5, provides: "No evidence in the trial of misdemeanors shall be deemed admissable where the same shall have been procured by, through, or in consequence of any illegal search or seizure or of any search and seizure prohibited by the Declaration of Rights of this State; nor shall any evidence in such cases be admissible if procured by, through, or in consequence of a search and seizure, the effect of the admission of which would be to compel one to give evidence against himself in a criminal case." Before the passage of that Act evidence obtained under an illegal search warrant was admissable. *Law-*

*rence v. State,* 103 Md. 17, 63 A. 96; *Meisinger v. State,* 155 Md. 195, 141 A. 536, 142 A. 190; *Nolan v. State,* 157 Md. 332, 146 A. 268. Since the passage of that Act it has frequently been announced by this Court, in cases in which Chapter 194 of the Acts of 1929, *supra,* has been thoroughly discussed, that evidence secured as a result of an illegal search is inadmissible and that objections to its admission should be sustained. *Heyward v. State,* 161 Md. 685, 694, 158 A. 897; *Gorman v. State,* 161 Md. 700, 158 A. 903; *Sugarman v. State,* 173 Md. 52, 59, 195 A. 324; *Riley v. State,* 179 Md. 304, 313, 18 A. 2d 583; *Wood v. State,* 185 Md. 280, 284, 285, 44 A. 2d 859.

It has also been frequently held by this Court since the passage of Chapter 194, Acts of 1929, *supra,* that immunity from illegal search and seizure is a privilege personal to those whose rights thereunder have been infringed and they alone may invoke it. A person cannot complain of an illegal search of property which he neither owns, nor leases, nor controls, nor occupies lawfully, nor possesses rightfully, or in which he has no interest. *Baum v. State,* 163 Md. 153, 156, 161 A. 244; *Frankel v. State,* 178 Md. 553, 562, 16 A. 2d 93; *Bevans v. State,* 180 Md. 443, 448, 24 A. 2d 792; *Resnick v. State,* 183 Md. 15, 18 36 A. 2d 347.

As there is testimony in this case, which is not contradicted, that the appellants here sub-let the premises, they thereby had such an interest as entitled them to invoke the point of illegal search. As it is admitted that the search was illegal the motion made to strike out the evidence should have been granted. As the failure to strike out that evidence was evidently prejudicial to the defendants, a new trial should be granted David Mazor.

Any statements made by the appellants, however, are not subject to this rule and we do not find that such statements were inadmissable.

Captain Emerson testified as to certain statements made to him by the appellants. Although highly prejudicial to the appellants, if these statements were freely and voluntarily made by them, even while under illegal

arrest, these were properly admitted.. *Courtney v. State,* 187 Md. 1, 48 A. 2d 430, 432.

This Court having been notified by counsel that the appellant, Ben Frank, has died pending appeal, his case abates. *Harryman v. Harryman,* 49 Md. 67, 70; *Menken v. Atlanta,* 131 U. S. 405, 9 S. Ct. 794, 33 L. Ed. 221; *List v. Pennsylvania,* 131 U. S. 396, 9 S. Ct. 794, 33 L. Ed. 222. His appeal will therefore be dismissed.

> *Judgment reversed as to David Mazor, and a new trial awarded. Appeal dismissed as to Ben Frank.*