## ASNER *v.* STATE
[No. 141, October Term, 1948.]

*Decided April 28, 1949.*

The cause was argued before MARBURY, C. J., and DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Sigmund Levin* and *J. Elmer Weisheit, Jr.*, with whom were *Michael Paul Smith, Paul Berman* and *Theodore B. Berman* on the brief, for appellant.

*Harrison L. Winter, Assistant Attorney General*, with whom were *Hall Hammond, Attorney General, Francis T. Peach, State's Attorney for Baltimore County*, and *Kenneth C. Proctor, Assistant State's Attorney*, on the brief, for appellee.

MARBURY, C. J., delivered the opinion of the Court.

The appellant was tried in the Circuit Court for Baltimore County on a criminal information filed by the States Attorney, which charged him in the first count with receiving and becoming the depository of a sum of money to be bet, gambled and wagered upon the result of a race, and in the second count with recording and registering a sum of money to be bet on the result of a race. Joined in these charges, in the same information, was another defendant named John Tinkler. The case was tried before the court sitting as a jury, and both defendants were convicted, and the appellant was sentenced to pay a fine and to serve a term in jail. He appealed, but his co-defendant did not.

Prior to arraignment, the appellant filed in writing, and the trial court overruled, a motion to quash a search and seizure warrant by means of which certain evidence was procured from the appellant's person. At the trial, some of this evidence was introduced by the State. The questions presented involved the validity of the search warrant which was issued by a justice of

the peace for Baltimore County, and commanded the police officer to whom it was directed, with his necessary and proper assistants, to enter into an automobile and search it, and all persons found in it for paraphernalia used in the unlawful operation of gambling on the races, and to bring the body of a man, therein described, and all other persons who might be found in or around the automobile, before the trial magistrate issuing the search warrant, or some other trial magistrate for Baltimore County to be disposed of and dealt with according to law. The warrant also commanded the officer to enter and search the premises known as the Crown Filling Station, located as described therein, and arrest the operator of the Station, also described, and stated to be known as "Mr. Tinkler", (which was the name of the other defendant) and to search for paraphernalia used in gambling and to bring Mr. Tinkler and the other persons found on the premises before a magistrate to be similarly dealt with according to law.

One of the questions raised is the sufficiency of the affidavit upon which the warrant was issued, and the statements which are repeated in the warrant. The other questions raised by appellant, relate to the commands of the search warrant itself. It is contended that since it combines directions to enter and search for gambling paraphernalia in two separate and dissimilar places or things, namely, a filling station in a fixed location, and an automobile in an undesignated place, the warrant is a general warrant, which is prohibited by Article 26 of the Declaration of Rights. A further contention is that the warrant commands the entering into and the search of an automobile without naming or describing the place of such entry and search, or stating even that such entry and search are to be made within Baltimore County. And it is also argued that the commands in the warrant to search all persons found in the automobile and in and about the filling station were not justified by the affidavit on which the warrant was based and were not authorized by the statute.

Article 26 of the Declaration of Rights states that general warrants are illegal and ought not to be granted. In the case of *Sugarman v. State,* 173 Md. 52, 195 A. 324, decided in 1937, a search warrant was procured for a search of the car of the accused. It was contended that such a search warrant was not authorized under any statute, was unknown in common law, and was invalid, and any articles seized by virtue of such warrant were not admissible in evidence. The court held that the search warrant was invalid, and that, in consequence of the Act of 1929, Chapter 194, now codified as Section 5 of Article 35 of the Annotated Code, the evidence obtained from the search of the automobile should not have been admitted in evidence. However, by the Act of 1939, Chapter 749, codified as Section 306 of Article 27, provision is made for the issuance of search warrants when it is made to appear to the issuing judge or justice of the peace, that there is probable cause that a misdemeanor or felony is being committed "in any building, apartment, premises, place or thing within the territorial jurisdiction of such judge or justice of the peace". The warrant authorizes the officer to search the suspected "individual, building, apartment, premises, place or thing and seize any property found liable to seizure under the criminal laws of this State." There is, therefore, now statutory authority, which did not exist at the time of the *Sugarman* case, *supra,* to search an automobile and its occupants, and the *Sugarman* case is no longer authority to the contrary. In the *Sugarman* case it is also stated that there was no error in the lower courts' ruling by which it refused a motion to declare the search warrant void, and to compel the return of the articles found in it to the accused. Article 27, Section 306, provides that if the property taken under a search warrant is not the same as that described in the warrant, or there is no probable cause for believing in the existence of the grounds on which the warrant is issued, a judge must cause it to be restored to the person from whom it was taken "at anytime," on applica-

tion. We have construed this provision to mean that a hearing on a motion to quash a search warrant may be had either before or during the trial. *Smith v. State,* 191 Md. 329, 62 A. 2d 287. The question, therefore, of the validity of the search warrant in this case was properly before the trial court on the motion to quash.

The State contends that the appellant cannot claim he was injured by the admission at the trial of the evidence obtained by virtue of the warrant, because it was admitted without objection. The only evidence against appellant obtained as a result of a search was the scratch sheet and four slips of paper taken from his person. One officer was called as witness for the State and asked to tell what he found when he searched appellant. Appellant objected, the Court overruled the objection, but this particular officer was not the one who searched appellant. Subsequently, the officer who searched him was put on the stand and asked the same question. No objection was then made and the officer testified about this scratch sheet and the four slips of paper, and they were put in evidence. Timely objection must, of course, be made to any question asked, so that the trial court may have an opportunity to rule upon it, and unless it appears from the record that this was done, there is nothing before us for us to review. *O'Connor v. Estevez,* 182 Md. 541, 546, 35 A. 2d 148; *Courtney v. State,* 187 Md. 1, 48 A. 2d 430; *O'Donnell v. State,* 188 Md. 693, 53 A. 2d 688; *Davis v. State,* 189 Md. 269, 55 A. 2d 702. Appellant, however, contends that since the Court had ruled adversely to him upon the same question asked of the wrong officer, the Court knew that he objected to the same question asked the other officer, and as it had already been ruled upon, there was no necessity for further objection and ruling.

We have always strictly held to the ruling that the trial court must have an opportunity to pass upon objections. Unless it appeared that it did so pass, we could not rule upon the question in the first instance. It would not be fair to the trial judge to do otherwise. But that

is not the true reason for the rule. It enables the party framing the question objected to to reframe it, which in many cases can be done so as to render it free from defects. And it prevents cases from having to be retried upon technical or other objections not brought to the attention of the trial court or opposing counsel during a trial, which might there have been disposed of in one way or another, and thus the delay and cost of a new trial might be avoided. We have no intention of relaxing this rule, as we believe it to be salutary and in the interest of justice. But the reasons underlying it are not applicable to the case before us. We think that the appellant did raise the point below sufficiently by his motion to quash, reiterated by his first objection, to enable us to hold that the trial court passed upon the question whether the search of his person, by which the articles offered in evidence were obtained, was illegal, held it was not, and therefore admitted the evidence. If the search was illegal, his rights were infringed by the admission of the articles found. Compare *Resnick v. State,* 183 Md. 15, 36 A. 2d 347; *Frank v. State,* 189 Md. 591, 56 A. 2d 810.

We find, as we have indicated above, that by Section 306, of Article 27, a search warrant may be issued for an automobile and persons in it. See in this connection, *Davis v. U. S.,* 328 U. S. 582, 609, 66 S. Ct. 1256, 90 L. Ed. 1453; *Carroll v. U. S.,* 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. Of course, such search must be made within the limits of the jurisdiction of the judge or justice of the peace issuing the same. A search warrant cannot have any extra territorial effect. We do not, however, think it was necessary in this case to state in the warrant that the automobile must be searched within the limits of Baltimore County. That would be presumed from the statute, authorizing its issuance. However, either the automobile was not searched, or nothing was found in it, since no evidence as a result of such a search was introduced at the trial. The main question, which is pressed upon us, is that the search

warrant is a general warrant prohibited by the Declaration of Rights, is unlawful, and should have been quashed, and no evidence obtained from its use should have been admitted, under the provisions of Article 35, Section 5.

Prohibitions against unlawful searches and seizures are found not only in the Maryland Constitutions, but in the Constitution of the United States, Fourth Amendment, and in the constitutions of other states of the Union. Their origin dates back to the Writs of Assistance in England issued by the Star Chamber, under command of which the King's messengers entered any place they desired and searched for and seized such papers and evidence as they chose. The validity of such action finally came before the English courts in the case of *Enteck v. Carrington,* 19 Howell St. Tr. 1029, where Lord Camden held that general warrants were invalid. The same principle was adopted following the issuance by the crown of writs of assistance in the American Colonies primarily in Massachusetts, where a noteworthy trial occurred in Boston in February, 1761, in which James Otis, one of the counsel for defendants, made a profound and lasting argument against the use of such general writs. A portion of his speech will be found in the *Works of John Adams,* Volume 2, page 523. See also *Wilkes case,* 19 Howell 1154; *Money v. Leech,* 3 Burr 1742, 97 Eng. Reprint, 1075. The Supreme Court of the United States has discussed the reason for the constitutional prohibitions in a number of cases construing the Fourth Amendment. *Bayd v. U. S.,* 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; *Adams v. New York,* 192 U. S. 585, 24 S. Ct. 372, 48 L. Ed. 575; *Weeks v. U. S.,* 232 U. S. 383, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177. See also *Wright v. State,* 177 Md. 230, at pages 236, 237, 9 A. 2d 253.

The foundation for the constitutional provisions is the right to have persons and property protected from improper search and seizure, but not all searches are unlawful. Where there are grounds for believing that a crime is being committed, and such grounds are shown,

(in this State, by proper proceedings to the proper authority under Article 27, Section 306), a lawful search warrant may be issued. Probable cause that a crime is being committed will justify the issuance of a warrant. Such a warrant is not unlawful. In the case before us there was probable cause to suspect that a crime was being committed, not only in the filling station, but in the automobile, and there could be no doubt of the right of the justice of the peace to issue two separate search warrants, one for the filling station, and the other for the automobile. He did not do this, but combined the two authorizations in one warrant. The probable cause, however, was that the same misdemeanor was being committed by persons driving the automobile and by the person operating the filling station, acting together. This was not a situation where there were two separate crimes, one being committed by one person at one place, and one being committed by another person at another place. It was a situation where both parties were engaged in the same crime, by the use of the premises occupied as a filling station, and the thing known as an automobile used by the appellant. In the case of *Allen v. State*, 178 Md. 269, 13 A. 2d 352, 357, where a search warrant was issued for two adjoining premises, known as 1308-1310 East Monument Street, in Baltimore City, although each number represented buildings separately constructed and occupied by different persons, the two ostensibly distinct premises were united by a common unlawful use in the opinion of the police officers, which belief was justified by the facts set out in the warrant. This Court said, upon authority cited, that "* * * under the given circumstances, it was not error to combine under one writ the right to search the two suspected premises instead of issuing a separate writ for the search of each one. * * * Every case will depend upon its particular facts and circumstances." It seems to us upon the facts set out in the affidavit of the police officer and in the body of the warrant itself, that the search warrant in this case was not a general warrant pro-

hibited by the Declaration of Rights, but was, on the contrary, specially directed to the search of the definitely described property, and persons where the crime was alleged to be in progress. It was clearly not the kind of warrant intended to be prohibited by the early English decisions, by the Fourth Amendment, or by the Maryland Declaration of Rights. Lord Chatham in his famous speech giving the reason why every man's house is his castle, said " * * * the rain may enter but the King of England may not enter". See *Bass v. State,* 182 Md. 496, 35 A. 2d 155, 158. But the right to be secure does not give a license to violate the law. If the warrant, and the affidavit upon which it is based, are sufficiently definite to indicate to judicial authority, (*Johnson v. United States,* 333 U. S. 10, 68 S. Ct. 367, 92 L. Ed. 436), that the right of security is thus being abused, the King *may* enter. And, as was said in an early Connecticut case, cited in *Allen v. State, supra,* "But a separate warrant for each suspected place to be searched is not called for, either by the letter or spirit of the constitution, nor requisite for the protection of the public peace, or individual security. To require it would occasion useless delay and expense, and tend to defeat the salutary objects of the law." *Gray v. Davis,* 27 Conn. 447 (decided 1858). See also *Thompson v. State,* 198 Ind. 496, 154 N. E. 278; *Boone v. Commonwealth,* 206 Ky. 657, 268 S. W. 286; *In re Search Warrant,* 117 A. 557, 13 N. J. Misc. 196.

We hold that the trial court was correct in its refusal to grant the motion to quash, and that the evidence obtained by the use of the warrant was properly admitted.

*Judgment affirmed with costs.*

HENDERSON, J., filed the following opinion, in which COLLINS, J., concurred:

I do not agree with the conclusion of the court that the admissibility of the evidence obtained under the allegedly illegal search warrant is properly before us. The opinion recognizes the long established and salutary rule that

unless there is a timely objection to the introduction of evidence, the point cannot be reviewed on appeal. Rule 9, Rules of the Court of Appeals. Even an erroneous ruling upon evidence from one source may be waived by the introduction of identical evidence from another source without objection. *Barber v. State,* 191 Md. 555, 62 A. 2d 616, and cases cited.

The opinion seems to concede that neither the fact that the court refused to quash the search warrant before the trial, nor the fact that an objection was made to a preliminary question as to the result of the search, put to an officer who did not make the search, would be sufficient, standing alone, to cure the failure to renew the objection to questions put to the searching officer or the introduction of the paraphernalia in evidence. It is difficult to see how the combination of these two circumstances could supply the deficiency. It has been held that a general objection, after a motion of quash, will suffice. *Miller v. State,* 174 Md. 362, 366, 198 A. 710. But here there was no objection to the evidence, when offered, and no general objection to the line of inquiry. *Cf. Sykes v. State,* 154, Md. 694, 139 A. 825; *Davis v. State,* 189 Md. 269, 55 A. 2d 702. If the preliminary rulings were sufficiently preserved, it seems inescapable that they were not prejudicial. Under these circumstances, it is unnecessary to pass upon the validity of the warrant under which the evidence was obtained.