LUCICH ET AL. *v.* STATE

[No. 81, October Term, 1949.]

512

*Decided February 10, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Michael P. Smith* and *Lawrence B. Scally,* with whom was *J. Elmer Weisheit, Jr.,* on the brief, for the appellants.

*Kenneth C. Proctor, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General* and *Francis T. Peach, State's Attorney for Baltimore County,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellants were indicted and convicted by a jury on criminal informations charging them with maintaining a disorderly house and maintaining a bawdy house in Baltimore County. On appeal from the judgments entered they challenge the rulings of the court on motion to quash a search warrant and return property seized thereunder, and on admission of evidence obtained as a result of the search. They also challenge a ruling admitting in evidence certain laundry tickets found by

the police at Lucich's home, and the ruling of the court denying a motion for new trial.

Lucich is the owner and operator of a tourist cabin inn with 29 cabins, known as Lord Baltimore Tourist Court, located on Pulaski Highway. Brofa was employed as room clerk. The search warrant was issued by Judge Murray upon the sworn statement of Officer Story, who stated that on information received he went to the premises and rented a cabin under another name on May 31, 1949, where he remained from 8:50 P.M. to 1:30 A.M. of the next morning. His detailed statement may be summarized as follows: During the period of observation, he saw nine different automobiles, each bearing Maryland license tags, and each containing a man and a woman, drive in. Each couple was shown to one of the six adjoining cabins, where they remained for an hour or two and then departed. Three of the cabins were thus occupied twice in succession during the period. In at least two of the cabins he saw an attendant change the bed linen after the cabin was vacated.

Section 306, Article 27 of the Code "authorizing the issuance of a search warrant provides that the probable cause must be determined by the judge who issues it. *Wood v. State,* 185 Md. 280, 286, 44 A. 2d 859. As this court pointed out in *Goodman v. State,* 178 Md. 1, at page 10, 11 A. 2d 635, what acts constitute probable cause seem incapable of definition. It is less than certainty or proof, but more than suspicion or possibility. The facts alleged to show probable cause are sufficient if they are such as to warrant a prudent and cautious man in believing that the offense has been committed. * * *." *Smith v. State,* 191 Md. 329, 62 A. 2d 287, 291, 5 A. L. R. 2d 386.

In *Wood v. State,* 185 Md. 280, 286, 44 A. 2d 859, 862, we held, in a case which on the facts was "near the border", that statements that patrons "who entered the restaurant during the morning hours * * * did not stay long enough for a meal", did not show probable cause that a lottery was being conducted on the premises. "For aught that the application shows, restaurants—or

this particular restaurant—may sell soft drinks, tobacco, candy or other things." But in *Bratburd v. State*, 193 Md. 352, 66 A. 2d 792, 795, we said that the attempted explanation, that the slips detected might have been samples of wall-paper, was "abstractly imaginable and physically possible, but has too little semblance of real life. * * * to require consideration." In the case at bar we think the statements of the officer support an inference that the occupants of the cabins were not *bona fide* transients, but were using the cabins for immoral purposes with the knowledge of the management. *Cf. Lutz v. State*, 167 Md. 12, 16, 172 A. 354. Without laboring the point, we think there was a showing of probable cause.

The appellants also contend that the search warrant was void as being a general warrant within the prohibition of Article 26 of the Declaration of Rights, in that it directed a search of the premises known as Lord Baltimore Tourist Court and "all of the buildings located on said premises and all persons who may be found on said premises." The appellants say there was a private dwelling on the premises, occupied by Mr. and Mrs. Lucich, which was subsequently searched. They do not contend, however, that the warrant could not be directed toward the search of more than one building. *Asner v. State*, 193 Md. 68, 65 A. 2d 881, 885; *Allen v. State*, 178 Md. 269, 276, 13 A. 2d 352. We think the warrant in the case at bar was not a general warrant. It was directed solely to the buildings which constituted the Lord Baltimore Tourist Court, consisting of cabins and an office. No attempt was made to search the Lucich residence under the warrant.

Officer Story testified that after the officers interrogated Lucich about registration cards and laundry tickets, other than those found in the search, Lucich phoned his wife from the Fullerton Police Station and told her to "give [the officers] all the registrations for May and the laundry tickets". Lucich did not testify. Mrs. Lucich testified that she received the call and gave the officers a bundle of registration cards. She was not

asked about the laundry tickets, but Officer Story testified they found them in a desk drawer at the residence. The appellants contend the tickets were obtained by unlawful search, and should not have been received in evidence.

The authorities are clear that an owner of premises may waive his right to object to their search. Cornelius, Search and Seizure, (2nd Ed.), p. 80; *Zukowski v. State,* 167 Md. 549, 555, 175 A. 595; *Blager v. State,* 162 Md. 664, 161 A. 1; *Heyward v. State,* 161 Md. 685, 694, 158 A. 897. There may be cases in which the authority granted is exceeded. *Johnson v. State,* 193 Md. 136, 66 A. 2d 504, 506. In the case at bar, even if the officers, and not Mrs. Lucich, opened the drawer, it was within the permission granted. The appellant Brofa, of course, has no standing to complain. *Resnick v. State,* 183 Md. 15, 18, 36 A. 2d 347.

We cannot review the action of the trial court in denying the motion for a new trial. *Quesenbury v. State,* 183, Md. 570, 572, 39 A. 2d 685; *O'Donnell v. State,* 188 Md. 693, 699, 53 A. 2d 688, 54 A. 2d 315.

*Judgments affirmed, with costs.*